**Ellen DOUGLAS, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. CV 282–151.

United States District Court,
S.D. Georgia,
Brunswick Division.

Jan. 18, 1983.

**594**

Edward Boshears, Brunswick, Ga., for plaintiff.

Gerald B. Leedom, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER

ALAIMO, Chief Judge.

This case is before the Court on the defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons discussed below, the Court finds that it lacks jurisdiction over the plaintiff's claims and that this suit must, therefore, be dismissed.

On July 3, 1979, the Internal Revenue Service ("IRS") levied upon and removed $5,815.16 from a savings account at the Baxley Federal Savings and Loan Association. The account was in the names of Ellen Sellers Douglas, the plaintiff, and Willie Sellers, her son. The levy was executed solely to recover for taxes owed by Willie Sellers.[1] Claiming that all the funds in the savings account belonged to her under Georgia law, the plaintiff filed an administrative claim in November of 1980 to recover the money levied upon. The IRS denied the claim and on August 3, 1982, the plaintiff brought this action against the United States. The defendant has responded by moving the Court to dismiss this action.

The essence of the plaintiff's case is that the IRS wrongfully levied upon her property in order to satisfy the tax liability of her son. The law in this Circuit is settled that, in such cases, the claimant's exclusive remedy is a wrongful-levy action under 26 U.S.C. § 7426. *United Sand and Gravel Contractors, Inc. v. United States,* 624 F.2d 733 (5th Cir.1980).[2] The defendant

---

1. Plaintiff's complaint does not state who owed the taxes to the IRS; however, in the Defendant's First Requests to the Plaintiff for Admissions, the plaintiff admits the authenticity of documents which conclusively establish that the IRS levied upon the savings account solely to recover for taxes owed by Willie Sellers. This Court may consider such materials in a

motion to dismiss for lack of jurisdiction, *Attwell v. LaSalle National Bank,* 607 F.2d 1157 (5th Cir.1979), *cert. denied,* 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980), and, accordingly, the Court will proceed to address the motion in light of the facts so established.

2. The Eleventh Circuit has adopted as binding precedent the decision of the Fifth Circuit ren-

contends that this Court lacks subject matter jurisdiction over such a wrongful-levy action, because the plaintiff has failed to comply with the statutory time limits for filing suit.

■ Subsection (h) of § 7426 refers to 26 U.S.C. § 6532(c) for the applicable periods of limitations for wrongful-levy actions. Section 6532(c) provides that, for suits by persons other than taxpayers:

(1) General rule.—Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.

(2) Period when claim is filed.—If a request is made for the return of property described in section 6343(b) [the property levied upon], the 9 month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary or his delegate to the person making such a request of a notice of disallowance of the part of the request to which the action relates, *whichever is shorter.*

26 U.S.C. § 6532(c) (emphasis added). Under this provision, a plaintiff has *at most* 21 months within which to bring her action—9 months to file an administrative claim [3] and 12 months thereafter to file suit.

Although periods of limitations are not normally jurisdictional, the courts have held otherwise in suits against the United States under 26 U.S.C. § 7426. *Dieckmann v. United States,* 550 F.2d 622 (10th Cir.1977); *Carlos v. New York State Department of Taxation,* 531 F.Supp. 359 (N.D.N.Y.1981); *see United States v. Seminole Nation,* 299 U.S. 417, 421, 57 S.Ct. 283, 286, 81 L.Ed. 316,

318–319 (1937). The Tenth Circuit, in *Dieckmann,* concisely stated the reason for this holding:

[W]hen the United States is sued under the statute here considered, the time expressed becomes a jurisdictional issue. The consent of the United States to be sued is usually held to be conditioned upon bringing the action within the time provided. The consent is the only source of subject matter jurisdiction. Thus it is proper for the defendants to raise the nine-month limitation under section 6532 in a motion to dismiss for lack of subject matter jurisdiction.

550 F.2d at 623. This Court finds the reasoning of the Tenth Circuit persuasive and, thus, concludes that compliance with the time requirements of § 6532(c) is a jurisdictional prerequisite to maintaining a wrongful-levy action against the United States.

In the case at bar, the plaintiff filed suit on August 3, 1982, exactly 37 months after the July 3, 1979, levy on the savings account. Therefore, the plaintiff has failed to satisfy the jurisdictional requirements of 26 U.S.C. §§ 7426, 6532 that she file suit within 21 months of the levy. While not disputing the finding that she did not file suit within 21 months of the levy, the plaintiff suggests to this Court that the statute of limitations is inapplicable because she never received from the IRS a notice of the levy. She contends that the lack of notice to her was a violation by the IRS of the statutory notice provisions, or, if those provisions did not require that she be notified, they were in violation of the Due Process Clause of the Fifth Amendment.

The plaintiff relies on *Reece v. Scoggins,* 506 F.2d 967 (5th Cir.1975), for the proposition that a levy on property by the IRS without notice to all owners thereof is void

---

dered before September 30, 1981. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir.1981).

**3.** Although § 6532(c) does not explicitly address the matter, the courts have required that an administrative claim must be filed within 9 months in order for the claimant to receive the additional 12 months prescribed in § 6532(c)(2)

within which to file suit. *See United Sand and Gravel Contractors, Inc. v. United States,* 624 F.2d 733, 736 (5th Cir.1980). To hold otherwise would effectively allow claimants an indefinite time period within which to file administrative or judicial claims, a result which would frustrate the goal of § 6532(c) to resolve quickly all potential wrongful-levy disputes. *Id.*

*ab initio* and, thus, may be challenged even after the statute of limitations has run. The Court disagrees with this reading of *Reece.*

■ *Reece v. Scoggins* involved the sale of property by the IRS that admittedly had been properly levied upon. The IRS, however, had failed to give notice of the sale to the owner of the property as required by 26 U.S.C. § 6335(b). The Court of Appeals held that, without the statutorily prescribed notice, the sale was void *ab initio.* Thus, the Court established the principle that, at least in the context of the sale of property, the IRS must comply completely with the statutory notice requirements.

■ Despite its emphasis on notice to the owner of the subject property, *Reece* is not controlling in the instant case. First, *Reece* did not address the issue of whether lack of notice affects the running of the statute of limitations. Second, the IRS has in this case complied with the statutory notice requirements. Although 26 U.S.C. § 6335(b), the provision in issue in *Reece,* does require that notice be given to the owner of the property, § 6335(b) applies only to the *sale* of property. Section 6335(a) is the notice provision for the *seizure* of property, and it provides that notice shall be given "to the owner of the property (or, *in the case of personal property, the possessor thereof*) . . . ." In the present case, the IRS gave notice of the levy to the Baxley Federal Savings and Loan Association. Since the savings account levied upon was personal property and the Savings and Loan Association was the possessor thereof, the notice of the levy complied with the statutory requirements.[4] Accordingly, the plaintiff has no statutory grounds upon which to attack the notice given and thereby to avoid the statute of limitations imposed by 26 U.S.C. §§ 6532, 7426.

As a fall-back position, the plaintiff argues that, even if the IRS complied with the statutory notice provisions, the notice given by the IRS failed to satisfy the requirements of due process. The foundation of the plaintiff's argument is her allegation that the IRS knew that she had an interest in the account levied upon. From this premise, she argues that the IRS was required by the Fifth Amendment to give her actual notice, regardless of the statutory notice provisions. As support for this conclusion, she cites the well-known Supreme Court cases striking down constructive service as a violation of due process where the parties to be served were known and could have been served personally or by mail: *Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); *Walker v. City of Hutchinson,* 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The plaintiff contends that these cases require the United States, in any situation where it knows of a person's interest in property, to notify directly that person before adversely affecting his interests therein, no matter what the circumstances may be.

■ This Court cannot agree with the plaintiff's contentions. The correct reading of *Mullane* and the other cases is that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* at 314, 70 S.Ct. at 657, 94 L.Ed. at 873. In the aforementioned cases, the Supreme Court merely held that service by publication, which was unlikely to notify the parties, was insufficient where the persons could have been personally notified.

■ The instant case does not involve a question of the propriety of notice by publication; rather, this case raises the issue of whether a notice of levy given to a savings and loan association is sufficient to apprise persons claiming an interest in an account of a levy on that account. This Court is of the opinion that such notice is sufficient.

When a notice of levy is served upon a savings and loan association, the appropri-

---

4.  *See* 26 C.F.R. § 301.6331–1(a)(1).

ate account is frozen. Anyone having an interest in that account would thus become aware of the levy immediately upon seeking to withdraw funds. Also, reasonable supervision of his account would inform the depositor of the levy. In light of the nine-month period for filing a claim, which translates into a nine-month period for the depositor to discover the levy and take appropriate action, the Court concludes that the notice of levy is reasonable notice for all persons claiming an interest in an account levied upon. This conclusion comports with the Supreme Court's observation in *Mullane* that seizure of property is presumed to notify the owner thereof of the action against the property. 339 U.S. at 316, 70 S.Ct. at 658, 94 L.Ed. 874. *Accord, Gordon v. United States,* 649 F.2d 837, 844–845 (Ct.Cl. 1981).

Moreover, nearly every court that has considered the question has held that the IRS is under no duty, constitutional or otherwise, to notify every person claiming an interest in property levied upon. *Gordon v. United States, supra; Dieckmann v. United States, supra; De Gregory v. United States,* 395 F.Supp. 171 (E.D.Mich.1975); *American Honda Motor Co. v. United States,* 363 F.Supp. 988 (S.D.N.Y.1973). Specifically, in *Gordon,* the plaintiff argued that the statute of limitations should not have begun to run in regard to the levy on certain funds he had deposited with a bonding company because he had received no notice of the levy. Not disputing the plaintiff's claim that he had not received notice, the Court of Claims granted summary judgment in favor of the United States:

On the whole, ... I.R.C. § 6532(c) strikes a reasonable balance between claims under the Fifth Amendment and the taxing power. The obvious congressional concern that allowing such suits after 9 months would handicap efforts to collect the tax cannot be discounted.... Further, those who claim an interest in property are under some duty to discover contraventions of that interest, and if need be, to defend that which they claim. "It is the part of common prudence for all those who have any interest in [a thing]

to guard that interest by persons who are in a situation to protect it." *Mullane, supra,* quoting *The Mary,* 13 U.S. (9 Cranch) 126, 144, 3 L.Ed. 678 (1815). We perceive no constitutional infirmities in a requirement that Gordon's claim be asserted within 9 months of levy, and we so hold.

649 F.2d at 844–845 (citations and footnotes omitted). Similarly, in *Dieckmann,* the Tenth Circuit upheld the dismissal of a wrongful-levy action for failure to comply with the statute of limitations, even though the plaintiffs claimed they had not received any notice of the levy:

The law has always imposed a duty on the owners of property to exercise some reasonable duty to care for it. In ordinary commercial transactions and in speculative ventures, this duty or burden exists. We must assume that Congress in fixing the nine-months period in section 6532 within which an action may be brought assumed that owners of property would exercise reasonable diligence in looking after it. Thus the period within which the action may be brought under section 6532 was designed to provide an opportunity to a person of reasonable diligence (in keeping track of his own property) to discover if someone with whom it had been entrusted no longer had it in his possession. Thus the period was fixed and it will be applied. We must also assume that this was the time fixed to permit the agency to function with some reasonable dispatch. Some balance had to be reached between the rights and duties of the individual, and of the needs of the governmental machinery.

550 F.2d at 624. This Court likewise concludes that the statutory framework within which the IRS levied upon the plaintiff's account, including the provisions relating to notice, adequately protected the plaintiff's right to due process of law.

CONCLUSION

Finding no violation of the statutory notice provision nor any violation of the plaintiff's right to due process of law, the Court

concludes that there is no reason why the statute of limitations embodied in 26 U.S.C. § 6532 should not operate as written. The plaintiff, having failed to comply with the statute of limitations, the Court lacks subject matter jurisdiction over this action and must, therefore, order that it be DISMISSED.