**Quincy Ashton MILLER et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 3:93CV7015.**

United States District Court,
N.D. Ohio, W.D.

July 22, 1993.

Richard R. Huber, Milan, OH, Timothy W. Shuminsky, Shuminsky, Shuminsky & Molstad, Sioux City, IA, for plaintiff.

Beverly Ortega Babers, Charles M. Green, Dept. of Justice, Washington, DC, Robert Trusiak, Office of the U.S. Atty., Toledo, OH, for defendant.

### Memorandum & Order

CARR, United States Magistrate Judge.

This is an action arising from a levy for taxes. The parties have consented to the entry of judgment by the undersigned pursuant to 28 U.S.C. § 636(c). Pending is defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons stated below, defendant's motion shall be denied.

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2

L.Ed.2d 80 (1957)). A court must accept as true all the factual allegations in the complaint. *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1025 (6th Cir.1990). *See also Kerasotes Michigan Theatres, Inc. v. National Amusements, Inc.*, 854 F.2d 135 (6th Cir.1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10 (6th Cir.1987).

Viewing the complaint in a light most favorable to the non-moving party, the following facts may be ascertained. Plaintiffs, minor children, owned property in a safety deposit box in the Raiffeisenbank in Barrn, Netherlands. Sometime prior to January 31, 1991, the defendant United States of America, acting through the Internal Revenue Service (IRS), and with the assistance of tax authorities in the Netherlands, seized and auctioned plaintiffs' property to satisfy a tax debt owed by plaintiffs' father. To the best of plaintiffs' knowledge, neither they, nor the Netherlands bank, was ever served with notice of the seizure or sale of the property.

After the seizure and subsequent auction of the property, plaintiffs' father received a document from the consulate of the Netherlands, which was written in either Dutch or German. With the assistance of a foreign language dictionary, the father was able to discern that the property had been confiscated.

In January, 1993, the plaintiffs instituted a wrongful levy action pursuant to 26 U.S.C. § 7426(a)(1), which provides:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

■ The defendants moved to dismiss this action on the grounds that the applicable statute of limitations has expired. Although, in general, statutes of limitations serve as affirmative defenses, in suits against the United States, compliance with the applicable statute serves also as a jurisdictional prerequisite. *See Douglas v. United States*, 562 F.Supp. 593 (S.D.Ga.1983). The consent by the United States to be sued is conditioned upon the action commencing within the statutory time period. *See Dieckmann v. United States*, 550 F.2d 622 (10th Cir.1977). These statutory waivers of sovereign immunity are construed strictly, and if the time limit has elapsed, the action may properly be dismissed for lack of subject matter jurisdiction. *Id.* at 623.

Both parties agree that the proper statute of limitations for wrongful levy for taxes actions is stated in 26 U.S.C. § 6532(c)(1): "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action." Plaintiffs commenced this action about two years after their property was taken.

■ Although § 6532 is silent on the definition of the "date of the levy", the regulations promulgated under that section direct to 26 U.S.C. § 6502(b) for guidance. Treas. Reg. § 301.6532-3(c). Section 6502(b) dictates that "the date on which a levy on property or rights to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given." Section 6335 describes the notice requirements:

> As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property (or, in the case of personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made.

26 U.S.C. § 6335(a).

■ Due Process dictates that notice be reasonably calculated to inform all parties with an interest in the property levied of the pendency of the action. *See Douglas, supra*, 562 F.Supp. at 596. The plaintiffs argue that, because no notice was ever issued regarding the seizure or subsequent auction of their property, the statute of limitations was never triggered, and the defendant's motion to dismiss should be denied.

■ It appears from the record that the only notification of the auction or sale was the foreign language document from the consulate of the Netherlands. The record is silent as to the contents of this letter. There is also no indication of the plaintiffs' residence at the time the document was sent, or whether plaintiffs' father was the proper addressee for the document. Likewise, it is unclear in whose name the account was registered. Finally, there is no description ·of the type of property which was levied.

Determining what notice was due to the plaintiffs depends largely on the characterization of the property levied. The courts have held this to be an important factor in deciding whether notice needs be made to the owner or to the possessor of the property. *Winebrenner v. U.S.*, 924 F.2d 851 (9th Cir.1991). For tangible personal property, the courts have often decided that notice to the possessor of the property is sufficient to put all interested parties on notice. *See State Bank of Fraser v. United States*, 861 F.2d 954 (6th Cir.1988). For example, in *Douglas, supra,* 562 F.Supp. 593, the IRS gave notice to a savings and loan account of its intent to levy plaintiff's money. Although plaintiff did not receive actual notice, the court held that notice to the possessor was sufficient to put plaintiff and all other interested parties on notice. *Id.* at 597. The court reasoned that because a levy freezes assets, anyone seeking to withdraw funds would become aware of the seizure and could bring a wrongful levy action within nine months. *Id.* Thus, depending on the type of property which was levied, the courts have required actual notice be given either to the possessor or to the owner of the property.

Because the constitutional adequacy of the notice cannot be determined without a more complete record, the defendant has failed to demonstrate that the dismissal is warranted. Once the record has been developed more fully, defendant may, if it desires, renew its effort for such dismissal by way of a motion for summary judgment.

For all the foregoing reasons, it is therefore

**ORDERED THAT** defendant's motion to dismiss is denied.

**So ordered.**