BECTON DICKINSON AND
COMPANY, etc.

v.

Reinhard A. WOLCKENHAUER,
etc., et al.

No. CIV.A.95–1084(NHP).

United States District Court,
D. New Jersey.

Oct. 28, 1998.

---

Arthur S. Goldstein, Adam P. Friedman, Wolff & Samson, P.A., Roseland, NJ, for Plaintiff.

Gregory S. Hrebiniak, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendants United States of America, Department of the Treasury, Internal Revenue Service.

Michael J. Monaghan, Esq., Mansion House, Hackensack, for Defendant Reinhard Wolckenhauer and Walter Wolckenhauer.

POLITAN, District Judge.

Dear Counsel:

This matter comes before the Court on cross-motions for summary judgment on Count Eleven of Becton Dickinson & Company's Amended Complaint, which asserts, in substance, a wrongful levy action against the United States pursuant to 26 U.S.C. § 7426. The Court has decided the motions without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons explained below, plaintiff's motion for summary judgment is **DENIED,** the Government's cross-motion is **GRANTED,** Counts Eleven and Twelve are **DISMISSED WITH PREJUDICE.**[1]

## *FACTUAL BACKGROUND*

While employed at the Ivers–Lee division of plaintiff Becton Dickinson & Company, defendant Reinhard A. Wolckenhauer defrauded his employer through an elaborate scheme involving false and fraudulent purchasing invoices. On or about April 21, 1995, defendant United States of America, Department of the Treasury, Internal Revenue Service ("IRS"), which had been investigating

---

1. By letter-brief dated August 13, 1998, plaintiff Becton Dickinson consented to the dismissal of Count Twelve.

Wolckenhauer's criminal activities, issued a Notice of Levy to the Ivers–Lee Division, alleging that Wolckenhauer owed $865,240.06 in unpaid federal income taxes for the tax years 1988–91 and directing Becton Dickinson to pay to the IRS those sums that Becton Dickinson was obligated to pay Wolckenhauer. In accordance with the Notice of Levy, plaintiff Becton Dickinson remitted the sum of $323,948.44, which represented Wolckenhauer's entitlement under the Becton Dickinson Retirement Plan. The IRS·received this payment on or about May 2, 1995.

On March 22, 1996, nearly a year after Becton Dickinson remitted the retirement funds to the Government, Wolckenhauer pleaded guilty to multiple criminal counts alleging conspiracy, mail fraud, and the filing of false income tax returns. *See United States v. Wolckenhauer,* Criminal No. 95–92 (D.N.J.)(Ackerman). The plea agreement stipulated that the amount of loss to Wolckenhauer's victims was more than $1,500,-000.00 but no more than $2,500,000.00. On July 15, 1998, Judge Ackerman ordered Wolckenhauer to pay restitution to Becton Dickinson in the amount of $407,148.44.[2]

Plaintiff Becton Dickinson brings this wrongful levy action, pursuant to 26 U.S.C. § 7426, to recover the levied retirement funds in satisfaction of the restitution order. There is no dispute that this action was asserted outside the statute of limitations. The primary question raised in the instant motions is whether the limitations period can be equitably tolled.

### DISCUSSION

#### I. Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may only be granted if, drawing all inferences in favor of the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir.), *cert. dismissed,* 483

U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, for which that party will bear the burden of proof at trial. *See Celotex·Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. *Id.* Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* 475 U.S. at 586, 106 S.Ct. 1348. Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact. To defeat "a properly supported summary judgment motion, the party opposing it must present sufficient evidence for a reasonable jury to find in its favor." *Groman v. Township of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995).

#### II. Equitable Tolling Under 26 U.S.C. § 6532(c)

The wrongful levy statute, 26 U.S.C. § 7426, is governed by the statute of limitations set forth in 26 U.S.C. § 6532(c). Because section 7426 represents a grant of jurisdiction and a waiver of sovereign immunity, its statute of limitations must be strictly construed in favor of the United States. *See Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). It may be subject to equitable tolling only if there is an implied equitable tolling exception in the statute of limitations. *See Irwin v.*

---

**2.** A previous restitution order, entered September 24, 1996, had awarded Becton Dickinson $2,201,241.00 in restitution. The Court of Appeals vacated that order and remanded the case back to the district court to further develop the

record concerning the defendant's assets and the needs of his dependent family members. *See United States v. Wolckenhauer,* 116 F.3d 471 (3d Cir.1997).

*Department of Veterans Affairs,* 498 U.S. 89, 93–94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

In *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court considered whether the statute of limitations applicable to Title VII employment discrimination suits could be equitably tolled against the United States. The statute of limitations at issue in *Irwin,* 42 U.S.C. § 2000e–16(c), provided in relevant part:

> Within thirty days of receipt of notice of final action taken by ... the [EEOC] ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title.... [3]

The Court concluded that "making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver [of sovereign immunity]. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation." *Irwin,* 498 U.S. at 95, 111 S.Ct. 453.

In this case, the United States contends that the availability of equitable tolling has been foreclosed—notwithstanding *Irwin*—by the Supreme Court's more recent decision in *United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), where the Court held that the statute of limitations period applicable to tax refund claims, 26 U.S.C. § 6511, is not subject to equitable tolling.

The *Brockamp* Court distinguished *Irwin* on two grounds. First, unlike the statute at issue in *Irwin,* section "6511 uses language that is not simple. It sets forth its limitations in a highly detailed technical manner, that linguistically speaking, cannot easily be read as containing implicit exceptions. Moreover, § 6511 reiterates its limitations several times in several different ways." [4] *Brockamp,* 519 U.S. 347, 117 S.Ct. at 851. In addition, section 6511 sets forth explicit exceptions to its basic time limits, and "those very specific exceptions do not include 'equitable tolling.'" *Id.* 519 U.S. 347, 117 S.Ct. at 852. The *Brockamp* Court reasoned that:

> [t]o read an "equitable tolling" provision into these provisions, one would have to assume an implied exception for tolling virtually every time a number appears. To do so would work a kind of linguistic havoc.... Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together indicate to us that Congress did not intend courts to read other unmentioned, open-ended, "equitable" exceptions into the statute that it wrote. There are no counter-indications. Tax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities.

519 U.S. 347, 117 S.Ct. at 852.

The *Brockamp* Court also found that the volume of returns handled by the IRS each year—200 million tax returns and more than

---

**3.** A 1991 amendment to section 2000e–16(c) increased the time within which an aggrieved employee or applicant may file a civil action from "within 30 days of receipt of final action" to "within 90 days" of receipt of such notice.

**4.** Section 6511 says, first, that a

> [c]laim for ... refund ... of any tax ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed ... within 2 years from the time the tax was paid. 26 U.S.C. § 6511(a).

It then says that

> [n]o credit or refund shall be allowed or made after the expiration of the period of limitation

prescribed ... unless a claim for ... refund is filed ... within such period. § 6511(b)(1).

It reiterates the point by imposing substantive limitations:

> If the claim was filed by the taxpayer during the 3–year period ... the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return .... § 6511(b)(2)(A).

And,

> [i]f the claim was not filed within such 3–year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. § 6511(b)(2)(B).

90 million refunds—is further suggestive of a congressional intent to preclude equitable tolling and "underscores the linguistic point." *Id.* To read an equitable tolling exception into section 6511, the Court reasoned, "could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late.claims, accompanied by requests for 'equitable tolling' which, upon close inspection, might turn out to lack sufficient equitable justification." 519 U.S. 347, 117 S.Ct. at 852.

Defendant United States contends that the *Brockamp* decision forecloses the possibility of equitable tolling under the statute of limitations at issue in this case, section 6532(c). Only one district court has considered the issue. *See Compagnoni v. United States,* 1997 WL 416482 (S.D.Fla.1997)(unpublished) (stating that *Brockamp* precludes equitable tolling under section 6532(c)); *but see· Capital Tracing, Inc. v. United States,* 63 F.3d 859, 860 (9th Cir.1995)(holding that § 6532(c) can be equitably tolled). In *Compagnoni,* the court reasoned that "the considerations brought to bear in *Brockamp* may dictate the result here. Among other things, section 6532 . . ., like section 6511(a), contains 'highly detailed technical [language], that linguistically speaking, cannot easily be read as containing implicit exceptions.'" 1997 WL 416482, *3 (quoting *Brockamp,* 519 U.S. 347, 117 S.Ct. at 851).

■ This Court is not persuaded by *Compagnoni.* Section 6532(c) contains none of the three elements that were determinative in *Brockamp:* 1) detailed and technical language, 2) substantive limitations on the amount of recovery, and 3) the risk of over-

burdening the IRS. Turning first to the linguistic component, section 6532(c) provides:

**(c) Suits by persons other than taxpayers.—**

**(1) General rule.**—Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of. the levy or agreement giving rise to such action.

**(2) Period when claim is filed.**—If a request is made for the return of property described in section 6343(b), the 9–month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

This statute is simple in language and construction, like the provision at issue in *Irwin.* It merely states that suits under section 7426 "shall [not] be begun after 9 months from the date of the levy." Section 6532(c) does not repeat the limitations period multiple times and it does not contain substantive limitations on the amount of recovery.

Moreover, the *Brockamp* Court emphasized that § 6511's limitations period could not be tolled because the "nature and potential magnitude of the administrative problem suggest that Congress decided to pay the price of occasional unfairness in individual cases." 519 U.S. 347, 117 S.Ct. at 852. Unlike sections 6511 and 6532(a),[5] which apply

5. The text of section 6511 is set forth *supra* in footnote 3. Section 6532(a), which applies to civil suits by taxpayers for refund pursuant to 26 U.S.C. § 7422, provides:

§ 6532. Periods of limitation on suits
(a) **Suits by taxpayers for refund.—**
(1) **General rule.**—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a

notice of the disallowance of the part of the claim to which the suit or proceeding relates.
(2) **Extension of time.**—The 2–year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary.
(3) **Waiver of notice of disallowance.**—If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2–year period prescribed in paragraph (1) shall begin on the date such waiver is filed.
(4) **Reconsideration after mailing of notice.**—Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified

to claims made by taxpayers, section 6532(c) applies only to third-party wrongful levy actions and it therefore would not "create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims." *Brockamp*, 519 U.S. 347, 117 S.Ct. at 852. Although subsection (2) permits a one-year extension upon request, section 6532(c), overall, does not contain the linguistic and substantive complexity that compelled the Supreme Court to preclude equitable tolling under § 6511. *Compare* 26 U.S.C. § 6532(a). In this Court's judgment, section 6532(c) is an ordinary statute of limitations that falls within the general rule of *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir.1995)(holding that *Irwin* permits tolling against Government under § 6532(c)).[6] The Court's subsequent decision in *Brockamp* does not foreclose the possibility of equitable tolling.

### III. Tolling in this Case

■ A statute of limitations can be extended on equitable grounds upon the plaintiff's showing either that he did not have and could not with due diligence obtain information necessary for bringing suit within the limitations period (equitable tolling), or that he was induced or tricked by his adversary's

misconduct into allowing the filling deadline to expire (equitable estoppel).[7] *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, although the *Irwin* Court held that equitable tolling is available against the Government, the Court also emphasized that "federal courts have typically extended [such] relief only sparingly, [and they have] generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights" *Id.* 498 U.S. at 95–96, 111 S.Ct. 453.

The Third Circuit permits equitable tolling against the Government if "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998) (citations omitted).

■ In this case, plaintiff Becton Dickinson contends that it could not have asserted its wrongful levy action within the nine-month limitations period because it did not acquire a property interest in the levied funds until Judge Ackerman first ordered restitution on September 24, 1996.[8] *See supra* footnote 1. After reviewing the factual

---

mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

(5) **Cross reference.**—For substitution of 120–day period for the 6–month period contained in paragraph (1) in a title 11 case, see section 505(a)(2) of title 11 of the United States Code. This Court agrees with the several courts that have held that *Brockamp* precludes equitable tolling under section 6532(a), because that provision is linguistically detailed and complex, and also because, as a provision applicable to taxpayer suits, permitting equitable tolling would expose the IRS to unwieldy administrative burdens. *See RHI Holdings, Inc. v. United States*, 142 F.3d 1459 (Fed.Cir.1998) and *Thomasson v. United States*, 1997 WL 220321 (N.D.Ca.1997)(unpublished).

6. The Ninth Circuit has not revisited this issue since the Supreme Court decided *Brockamp*, but it has cited *Supermail Cargo* and *Capital Tracing*, 63 F.3d 859 (9th Cir.1995), with approval in post-*Brockamp* cases. *See, e.g., Wilson v. Marchington*, 127 F.3d 805, 815 n. 10 (9th Cir.1997).

7. Although the cases do not usually distinguish between equitable estoppel and equitable tolling, see *Wolin v. Smith Barney, Inc.*, 83 F.3d 847, 852 (7th Cir.1996).

8. It is worth noting that the facts plaintiff relies upon for purposes of equitable tolling may, on closer inspection, preclude relief on the merits. That is, plaintiff concedes that it did not have any property interest that could confer standing to sue under § 7426 until Judge Ackerman issued the restitution order on September 24, 1996. It seems unlikely, therefore, that plaintiff could establish that it has a property interest in the retirement funds that is superior to the Government's interest. *See Texas Commerce Bank–Fort Worth v. United States*, 896 F.2d 152, 161 (5th Cir.1990)(holding that the "basic priority rule of 'first in time, first in right' controls" wrongful levy actions under § 7426); *see also United States v. City of New Britain*, 347 U.S. 81, 85–86, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

record in this matter, however, this Court is not persuaded that the equities favor tolling.

Most significant in this regard is plaintiff's failure to pursue its right to an extension of the limitations period under § 6532(c)(2). If plaintiff had simply notified the IRS of its claim to the funds within § 6532(c)(1)'s nine-month period, such notice may have extended the limitations period by an additional twelve months. *See* 26 U.S.C. § 6532(c)(2). Such an extension would have permitted Becton Dickinson to file its wrongful levy action as late as January 20, 1997—nearly four months after Judge Ackerman's September 24, 1996 restitution order.[9]

In sum, this Court finds that plaintiff failed to actively and diligently pursue its judicial and statutory remedies. Equitable principles do not mitigate in favor of tolling the statute of limitations in this case.

## IV. Elements of Wrongful Levy Action Pursuant to § 7426

Although this Court need not reach the merits of plaintiff's wrongful levy action, a brief review of the statutory requirements reveals that plaintiff could not prevail, even if the limitations period were tolled.

Section 7426 creates a cause of action for innocent parties whose property has been wrongfully confiscated by the IRS to satisfy another person's tax liability.[10] In order to state a claim under this provision, the plaintiff must show: (1) that a levy has been filed against property in the plaintiff's possession, (2) that plaintiff has an interest in or a lien on the property which is senior to the inter-est of the United States, and (3) that the levy was wrongful. *See Texas Commerce Bank–Fort Worth v. United States*, 896 F.2d 152, 156 (5th Cir.1990). Even a cursory review of the record shows that Becton Dickinson cannot establish the second and third elements.

■ First, the restitution order did not confer a property interest upon Becton Dickinson within the meaning of § 7426, because it did not grant "specific, possessory rights" in the levied retirement funds.[11] *See Valley Finance, Inc. v. United States*, 629 F.2d 162, 168 (D.C.Cir.1980)(noting that § 7426 was intended to "improve[ ] the status of private secured creditors" and holding that the "statutory language, by effectively equating the terms 'interest' and 'lien' and relating both to 'property,' indicates that only persons claiming specific, possessory rights are entitled to seek judicial review").[12] The restitution award granted plaintiff a right to receive money, but it did not grant any property rights in the levied pension funds.

■ Moreover, even assuming that the September 24, 1996 restitution order created in plaintiff a property interest within the meaning of § 7426, such an interest would clearly be junior to the Government's interest, which was secured pursuant to an April 21, 1995 Notice of Levy. *See Texas Commerce Bank–Fort Worth v. United States*, 896 F.2d 152, 161 (5th Cir.1990)(holding that the "basic priority rule of 'first in time, first in right' controls" wrongful levy actions under § 7426); *see also United States v. City of New Britain*, 347 U.S. 81, 85–86, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

9. Section 6532 does not explain which date is the "date of levy," but the regulations promulgated pursuant to that section refer to 26 U.S.C. § 6502(b), which provides: "the date on which a levy on property or rights to property is made shall be the date on which the notice of seizure ... is given." *See also Miller v. United States*, 838 F.Supp. 338, 339 (N.D.Ohio 1993).

10. Section 7426(a) provides:
If a levy is made on property ..., any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States ....

11. Plaintiff concedes that "Becton Dickinson did not obtain enforceable property rights to the pension until September 24, 1996, when restitution was ordered." Memorandum of Law in Support of Becton Dickinson's Motion for Summary Judgment on the Eleventh Count of the Amended Complaint Against the Internal Revenue Service, at 10 n. 6 (filed May 22, 1997); *see supra* footnote 8.

12. Indeed, several courts have held that a plaintiff without a specific property right in the levied assets lacks standing to sue under § 7426. *See, e.g., Valley Finance*, 629 F.2d at 168, *Aspinall v. United States*, 984 F.2d 355, 357–58 (10th Cir. 1993).

382

Plaintiff also fails to satisfy the third element of a wrongful levy action—that the Government's levy be wrongful. "A levy is wrongful [under § 7426] if it seizes property that does not belong, in whole or in part, to the taxpayer." *Texas Commerce*, 896 F.2d at 156; *see also United States v. National Bank of Commerce*, 472 U.S. 713, 731 n. 14, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)(stating that "the legislative history makes clear that 'wrongful' as it is used in § 7426(a) refers not to intentional wrongdoing on the Government's part, but rather refers to a proceeding against property which is not the taxpayer's") (citations omitted). In this case, there is really no question that, at the time of the Government's levy, the target pension funds belonged to the person against whom the tax was assessed. That is, the funds belonged to Wolckenhauer, not Becton Dickinson.

This Court therefore concludes that, even if tolling the statute of limitations were justified in this case, plaintiff Becton Dickinson could not prevail in its wrongful levy action against the Government. Summary judgment dismissing Count Eleven is therefore warranted.

### CONCLUSION

For the reasons explained above, plaintiff's motion for summary judgment is **DENIED** and the Government's cross-motion for summary judgment **GRANTED**. As this Letter Opinion disposes of all remaining claims and issues, this case is closed.

### FINAL ORDER

THIS MATTER having come before the Court on cross-motions for summary judgment; and the Court having considered the parties' submissions and decided the matter without oral argument; and for the reasons explained more fully in the Court's Letter Opinion in the above-captioned matter; and for good cause shown;

IT IS on this 28th day of October, 1998,

ORDERED that plaintiff's motion for summary judgment be and hereby is **DENIED**; and it is further

ORDERED that defendant United States' motion for summary judgment is **GRANTED**; and it is further

ORDERED that this **CASE IS CLOSED.**