**Larry C. BREWER, Plaintiff,**

v.

**UNITED STATES of America; Anne Moore, Chapter 7 Trustee; and HMH Motor Service, Inc., Debtor, Defendants.**

**No. Civ.A. CV204–147.**

United States District Court,
S.D. Georgia,
Brunswick Division.

March 8, 2005.

John B. Brewer, III, John B. Brewer, III, PC, Hazlehurst, GA, and Roy N. Co-

wart, Roy N. Cowart, PC, Warner Robins, GA, for Plaintiff.

William S. Orange, III, Brunswick, GA, for Defendants.

### *ORDER*

ALAIMO, District Judge.

Plaintiff, Larry C. Brewer, filed the above-captioned case against Defendants, the United States of America, Anne Moore, and HMH Motor Service, Inc. ("HMH"), claiming that he is due a tax refund or abatement because he was not a "responsible person" for the federal employment taxes due.

Presently before the Court are the United States' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, and Brewer's motion to allow amendment to the pleadings. Because Brewer's complaint is untimely, the Government's motion to dismiss will be **GRANTED.** Because the proposed amendment would be futile if allowed, Brewer's motion to allow amendment to the pleadings will be **DISMISSED** as moot.

### *BACKGROUND*

Brewer, a resident of Hazlehurst, Georgia, was President of HMH. The company is insolvent, and is in Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Georgia. HMH failed to pay federal employment taxes, and Plaintiff was assessed the taxes due from HMH in the amount of $332,971.97, plus interest.

Brewer appealed this determination administratively. On March 8, 2002, the Internal Revenue Service ("IRS") Appeals Team Manager, Stephen C. Underwood, sent Brewer a letter notifying him that the IRS was denying Brewer's claim for a "refund and abatement regarding the trust

fund recovery penalty assessed against you pursuant to Internal Revenue Code § 6672 as a responsible person of HMH Motor Services, Inc. for Form 941 taxes." [1] In the letter, Underwood goes on to explain that

> This letter is your legal notice that your claim is fully disallowed. If you wish to bring suit or proceedings for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued you may do so by filing such a suit with the United States District Court having jurisdiction[.]

The Court takes judicial notice of this letter, which was filed by Plaintiff with the Court as an exhibit to a pleading in a prior lawsuit, regarding the same underlying facts. *See Brewer v. Department of Treasury,* CV203–141, Doc. No. 1, Exhibit "A" (S.D.Ga. Sept. 10, 2003).

On February 14, 2005, Brewer moved for permission to amend his complaint. In Plaintiff's proposed amendment, he abandons any claim for injunctive relief, seeks to clarify that he is asserting a cause of action under 26 U.S.C. § 7422, and states that he wishes to abandon any claims under 26 U.S.C. §§ 6335 & 6337.

## *MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) attacks the legal sufficiency of the complaint. In essence, the movant says, "Even if everything you allege is true, the law affords you no relief."

Consequently, in determining the merits of a 12(b)(6) motion, a court must assume that all of the factual allegations of the complaint are true, *e.g., United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991), and construe the allegations in the light most favorable to the plaintiff, *e.g., Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991). "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the [complainant] can prove no set of facts in support of his claim which would entitle him to relief." *United States v. Baxter Int'l, Inc.,* 345 F.3d 866, 880 (11th Cir.2003).

## *DISCUSSION*

For the sake of argument, the Court will consider Brewer's complaint as he has proposed to amend it. Brewer asserts that he is entitled to a refund or abatement under 26 U.S.C. § 7422(a) because he was not a "responsible person" for the employment taxes owed by HMH.

Turning to the statute at issue, § 7422 provides, in pertinent part:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C.A. § 7722(a) (2002).

Relatedly, § 6532 provides a time limit for suits under § 7422:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun … after the expiration of 2

---

1. Employers who withhold income, social security, or Medicare taxes on wages are required to file Internal Revenue Form 941 each quarter.

years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates. 26 U.S.C.A. § 6532(a)(1) (2002).

As stated above, on March 8, 2002, the IRS sent the notice of disallowance to Brewer. On October 22, 2004, Brewer filed the above-captioned case. Under a straightforward application of the law to the facts of the case, Brewer's claim should be barred by the statute of limitations. Although the Court ultimately concludes as much, it finds that it must take a more circuitous route to arrive at this determination. The Court must do so because Brewer's claim might arguably be saved by equitable tolling principles.

In *Irwin v. Department of Veterans Affairs*, the Supreme Court upset, to some degree, the canon of construction that provided that statutes waiving the Government's sovereign immunity were to be construed strictly in the Government's favor. In *Irwin*, the Court fashioned a general rule, which provided that where the government has waived sovereign immunity, equitable tolling and estoppel principles apply to claims against the Government, unless the statute evidences a desire by Congress to the contrary. 498 U.S. 89, 93–94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

> The Court went on to explain that
>
> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period. . . . We have generally been much less forgiving in receiving late filings

where the claimant failed to exercise due diligence in preserving his legal rights. *Id.* at 96, 111 S.Ct. 453.

What makes the instant case difficult is that Brewer did "actively pursue his judicial remedies by filing a defective pleading during the statutory period." *Id.* On September 10, 2003, Brewer filed a lawsuit with the Court regarding the same operative facts, against the federal government. *Brewer v. Department of Treasury,* CV203–141 (S.D.Ga.2003). On August 19, 2004, that case was terminated on the United States' unopposed motion to dismiss. Under *Irwin*, it would seem that Brewer has a meritorious argument that he should be entitled to proceed based on the doctrine of equitable tolling.

However, *Irwin* was not the final word on the matter. In 1997, the Supreme Court had an opportunity to examine an equitable tolling argument in the context of the statute of limitations requirement for administrative relief from the IRS, codified at 26 U.S.C. § 6511. *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818. Under § 6511(a), an administrative claim for a refund must be filed with the IRS within three years of filing the return, or two years from payment of the tax, whichever is later.[2]

As an opening qualifier, the *Brockamp* Court only assumed, *arguendo*, that a tax refund suit and a private suit for restitution are "sufficiently similar" to ask *"Irwin's* negatively phrased question: Is there good reason to believe that Congress did *not* want the equitable tolling doctrine to apply?" *Id.* at 350, 117 S.Ct. 849. The Court then cited to precedent which had distinguished common law suits against a tax collector from actions in assumpsit for

---

**2.** A prospective tax litigant must first comply with the § 6511 "administrative" statute of limitations requirement, and if unsuccessful at the administrative level, must then comply with the § 6532 "court" statute of limitations requirement, described above.

money had and received, rendering the supposition that *Irwin* applies to tax suits doubtful at the outset.

After reviewing the statute, Justice Breyer, writing for a unanimous court, found that § 6511 contains no implied equitable tolling exception. Justice Breyer explained that "Section 6511 sets forth its time limitations in unusually emphatic form." *Id.* Moreover, Justice Breyer pointed out that the tax law "is not normally characterized by case specific exceptions reflecting individualized equities." *Id.* at 352, 117 S.Ct. 849.

> Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute[.]

*Id.* Justice Breyer also expressed concern over the potential administrative burden on the IRS if courts allowed late claims to be filed and possibly litigated. *Id.*

In *RHI Holdings, Inc. v. United States,* the Federal Circuit Court of Appeals applied *Brockamp's* analysis of § 6511's statute of limitations to the analogous statute of limitations found in § 6532(a), and found that there was no implied right of equitable estoppel. The court reasoned that § 6532 "sets forth its limitations in a detailed, technical manner." 142 F.3d 1459, 1462 (Fed.Cir.1998).

The *RHI Holdings* court also noted that § 6532(a)(4) explicitly prohibits equitable considerations, based on actions by the IRS, from extending the limitations period after the notice of disallowance is mailed. According to the court, this subsection indicates that Congress did not intend to allow other equitable estoppel grounds to provide litigants with a means of evading the statute of limitations. *Id.* at 1462–63. *See also Marcinkowsky v. United States,*

206 F.3d 1419 (Fed.Cir.2000); *Thomasson v. United States,* No. C–96–3023–VRW, 1997 WL 220321 (N.D.Cal. April 21, 1997) (applying *Brockamp* to § 6532, finding no implied right of equitable estoppel); *Gallion v. United States,* 389 F.2d 522, 523–25 (5th Cir.1968) (refusing to equitably toll or estop the statute of limitations under § 6532); *Becton Dickinson & Co. v. Wolckenhauer,* 24 F.Supp.2d 375, 379–80 n. 5 (D.N.J.1998).

The Court, although cognizant of Brewer's plight, finds that his complaint is due to be dismissed because equitable tolling does not apply to § 6532.

As Justice Breyer noted, it is debatable whether a tax refund suit and a private suit for restitution are even sufficiently similar to warrant applying the *Irwin* "presumption" of equitable tolling. *Brockamp,* 519 U.S. at 350, 117 S.Ct. 849. Additionally, the Court is aware that, as a general rule, equity plays a limited role in tax cases.

The well-reasoned, and unanimous, authority cited above also leads the Court to its conclusion. The Court has been unable to locate a case finding that § 6532(a) could be equitably tolled or estopped after *Brockamp* was decided.

As Judge Walker stated in *Thomasson,* the administrative burden described by the *Brockamp* Court in relation to late filings under § 6511 would apply "with equal force to § 6532." 1997 WL 220321 at *3. Moreover, like § 6511, § 6532(a) is detailed and technical in stating its limitations and application. The Court concludes that Brewer's suit is barred by the statute of limitations.

## CONCLUSION

For the reasons discussed above, the United States' motion to dismiss is **GRANTED,** and Brewer's motion for leave

to amend is **DISMISSED** as moot. *See* Doc. Nos. 7 & 11.