## LEAHY v. UNITED STATES et al.

(District Court, D. Montana. Jan. 28, 1926.)

No. 411.

1. **Army and navy** ⊕⟹51½, New, vol. 12A Key-No. Series—**Mere mailing of notice of change of beneficiary under war risk policy insufficient.**

Under statutory regulation requiring change in beneficiary of war risk insurance by will or by notice in writing, mere mailing of notice, not received by Veterans' Bureau is insufficient, though postal department is a co-ordinate department of government which conducts Bureau.

2. **Evidence** ⊕⟹89—**Presumption of receipt of notice duly mailed overcome by proof to contrary and presumption of recording in ordinary course.**

Presumption from due mailing that Veterans' Bureau received notice of change or beneficiary of war risk insurance policy is overcome by Bureau's statement to contrary and presumption that, if received, official recording would have followed in ordinary course.

In Equity. Suit by Caroline McEvoy Leahy against the United States and Margaret Leahy Akey. Decree for defendants.

Sydney Sanner, Dan M. Kelly, and J. C. Kelly, all of Butte, Mont., for plaintiff.

John L. Slattery, U. S. Atty., of Helena, Mont., F. A. Silver, Asst. U. S. Atty., of Butte, Mont., and John M. George, of Washington, D. C., for the United States.

Geo. W. Farr, of Miles City, Mont., and Stanley Doyle, of Glendive, Mont., for defendant Akey.

BOURQUIN, District Judge. This suit involves the proceeds of a War Risk Insur-

ance contract, wherein Leahy alleges she has superseded the original beneficiary, Akey, by reason of due appointment by the insured, which defendants deny.

[1] In plaintiff's behalf the evidence tends to prove that some two years before his death in November, 1923, the insured at Wibaux, Mont., to the Veterans' Bureau at Washington, duly mailed the notice by statutory regulation made necessary to effect said change of beneficiary. Defendants' evidence is that no such notice has been found in the Bureau, and (as stated in one of the latter's official documents by agreement presented to the court), "the Bureau never having received such a request," no such notice was recorded therein.

The regulation aforesaid provides that "a change of beneficiary, to be effective, shall be made either by the last will and testament of the insured, or by notice in writing" to the Bureau, and therein recorded. This requirement is obviously wise, necessary, reasonable, and valid, a material condition of the contract, and to be complied with at least to the extent insured can, viz. by last will or by notice to the Bureau, or no change of beneficiary is made.

Contrary to plaintiff's contention, mere mailing of notice does not suffice. If not by the Bureau received, mailing goes for nothing, is not performance of the condition. Otherwise would defeat the object of the law, would open wide the Pandora's box the law is intended to firmly close. That by mailing the notice is intrusted to a co-ordinate department of the government which conducts the Bureau is immaterial. For the nonce the postal authorities are agents of the insured, and his are the consequences of any their failure of duty, even as in any like case of resort to the post in performance of conditions.

[2] Plaintiff further contends that her case is established by the presumption that the notice duly mailed by insured was in ordinary course received by the Bureau. This would be conceded, but for that, if it be granted that due mailing is proven, the presumption to which plaintiff appeals fails for two reasons:

First, if in the face of evidence the presumption has not served its office to dictate the burden of evidence, and thereupon disappears from the case, it is overcome by the statement of the Bureau (without interest, save justice and of avowed sympathy for plaintiff) that said notice was not by it received.

Second, if said statement of itself is no more than inference from failure to find the notice in the Bureau, it is fortified by the presumption that, had said notice been received, it would have been preserved, recorded, and acknowledged in ordinary course, as law, regulation, and official duty required; and this latter presumption, in conflict with the former, of itself serves to meet, overcome, or evenly balance the former in the scales wherein evidence is weighed. See, by analogy, Sibley v. Sibley, 88 S. C. 184, 70 S. E. 617, Ann. Cas. 1912C, 1170; Simpson v. Central Vermont R. Co., 95 Vt. 388, 115 A. 301.

Both presumptions arise from the probability that "official duty has been regularly performed" and that the "ordinary course of business has been followed," perhaps more from the latter, though both reasons have been assigned for the former presumption. See Henderson v. Carbondale, etc., Co., 140 U. S. 37, 11 S. Ct. 691, 35 L. Ed. 332.

The presumption of receipt from due mailing does not warrant disregard of other presumptions, of the presumption that, upon receipt, official recording would have followed in ordinary course. See Schutz v. Jordan, 141 U. S. 221, 11 S. Ct. 906, 35 L. Ed. 705, wherein the former presumption yielded to that of mere unofficial course of business.

In so far as these opposing presumptions present an issue of fact in the instant case, if the notice was duly mailed (and not recalled as postal regulations permit), it is very clear that it is at least as probable that it miscarried in the post as that it did in the Bureau. It follows that to determine the issue in favor of plaintiff would be to indulge in conjecture, would be to deprive the beneficiary of record, defendant Akey of her vested right to the proceeds of the insurance contract, upon evidence no more than speculation. Justice forbids in this as in any case. Plaintiff has failed in proof.

Decree for defendants.