Harry JONES, Appellant,

v.

UNITED STATES of America, Appellee.

Carrie A. JONES, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 14486, 14487.

United States Court of Appeals Ninth Circuit.

Sept. 29, 1955.

John S. Moore, Jr., Yakima, Wash., Dwight A. Halstead, Prosser, Wash., E. F. Velikanje, Yakima, Wash., for appellants.

H. Brian Holland, Asst. Atty. Gen., William B. Bantz, U. S. Atty., William M. Tugman, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

Appellants, husband and wife, are wheat farmers in eastern Washington. They brought these suits in the district court to recover overpayments of income taxes for the calendar year 1946. The suits involve identical facts and were by common consent consolidated for trial. The appeals are from a judgment denying recovery.

While proof on both sides was made by affidavits, the facts are in effect stipulated. In January of 1947 appellants delivered to one Harrison, a public accountant, their records of income and expenses during the calendar year 1946 for the purpose of having Harrison draw their Federal income tax returns and compute their liability. Following completion of the accountant's labors appellants on or about January 13, 1947, each received and signed his or her separate return and mailed the same in a single envelope to the Internal Revenue Collector at Tacoma, Washington, with a check in the sum of $3,195.58 for the payment of their total combined liability as computed by the accountant. These returns and the check were received by the Collector and the income taxes of appellants thereby paid.

A day or two after January 13 the husband noted an error revealed by car-

bon copies of the returns which had been retained in that the gross income set forth was incorrect, resulting in an incorrect and grossly excessive computation of appellants' liability. The husband thereupon went to the accountant with the copies and pointed out the mistake. The accountant recomputed the gross income, net income, and tax liability and completed one amended return and one claim for refund for each of appellants, together with carbon copies thereof, which latter appellants kept. These amended returns and claims for refund were signed by appellants and then mailed by the husband in a single envelope, securely sealed, postage prepaid, in the United States post office at Prosser, Washington (where the two lived), addressed to the Internal Revenue Collector at Tacoma, Washington. The mailing occurred about January 15, 1947. (The carbon copies of the claims for refund and amended returns retained were placed in evidence upon the trial of the cases.)

In January of 1951, appellants, hearing nothing in the meantime of the disposition of their claims, consulted with an attorney and the Treasury Department and thereafter were informed that there was no record of the receipt by the Collector of the amended returns and refund claims. No formal action having been taken on substituted refund claims later presented, these suits were brought.

On behalf of the United States evidence in the form of an affidavit was introduced to the effect that the records of the collection division of the Collector's office indicated that appellants' returns were received with payment of the taxes on January 14, 1947; that a search of all pertinent files revealed no record of claims for refund or amended returns having been made prior to March 15, 1950, the expiration date of the statute of limitations applicable to the calendar year 1946; and that the amended or substituted claims for refund were received in October of 1951 and November of 1952.

The trial court found as a fact that the mailing of the amended returns and the refund claims had occurred as indicated by appellants' showing, that the Collector had no record of the receipt thereof, and that a search of all pertinent files disclosed no record of such receipt. It concluded as a matter of law that appellants had failed to prove filing of the claims within the three-year period of limitation; that proof of mailing is not proof of filing; and that the filing of a claim for refund "is not complete until the document is delivered and received by the proper official and filed by him."

We may emphasize at this point that the United States does not contest the proposition that the mailing of the claims occurred as of the time and in the manner indicated, or that appellants' income tax liability had been overpaid to the extent set out in the refund claims.[1] We thus have before us only the question whether the presumption of delivery to the addressee arising from positive proof of proper mailing overcomes the presumption arising from proof that a search for the mailed matter failed to reveal that it had been received. In addition, perhaps, there are questions relative to the construction of the limitations statute and a cognate statute relied on by the government, namely 26 U.S.C.A. § 322(b) (1),

---

1. The taxes had been overpaid to the extent of approximately two-thirds of the amount transmitted to the Collector.
2. 26 U.S.C.A. § 322(b) (1):
   "Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * "
   26 U.S.C.A. § 3772(a) (1):

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

and 26 U.S.C.A. § 3772(a) (1), both of which so far as material are copied on the margin.[2]

With a few exceptions, the federal decisions called to our attention involve situations so remote from the present as to render them of little or no value. We note only those which may seem of possible help. Three of these are decisions of courts of appeals. Haag v. Commissioner, 59 F.2d 516, 517, decided by the Seventh Circuit, was a tax case involving among other things a petition in the form of a letter claimed to have been mailed to the Commissioner of Internal Revenue. The latter disputed both the mailing and the receipt of the communication. The court expressed itself as satisfied that the letter was sent as testified, saying: "As we view the question, it is one of presumption. As we are satisfied that the letter was mailed, the presumption arises that it was received. It follows, therefore, that we must assume that the letter was sent by petitioner and received by the Commissioner and later apparently lost or misplaced." A Tenth Circuit case, Crude Oil Corp. v. Commissioner, 161 F.2d 809, 810, involved a tax return and an election claimed not to have been received by a collector within a prescribed period of limitations. Evidence in behalf of the taxpayer showed a timely and proper mailing. Speaking of the presumption of delivery in such circumstances, the court said that proof of due mailing is prima facie evidence of receipt, and that the presumption of receipt "is a strong one." Another appellate decision involving the presumption is Detroit Automotive Products Corp. v. Commissioner, 6 Cir., 203 F.2d 785, where the Tax Court was reversed for holding that a petition for redetermination had not been timely filed.

Several district court decisions more closely related on their facts are cited by counsel. One of these is by District Judge Dawkins in Hudson v. United States, D.C.1950, 92 F.Supp. 555—a case involving a claim for refund timely mailed by the taxpayer plaintiffs to a collector, the records of whose office failed to disclose receipt or filing of the claim. Judgment of recovery was granted, despite the running of the statute, on the basis of the presumption of delivery. In another district court case, McDonald Coal Co. v. Lewellyn, 9 F.2d 994, 995, a contrary conclusion was reached. In its opinion the court stressed mainly the necessity of filing. It was thought that the statutory duty of the taxpayer was not discharged merely by depositing the instrument in question in the post office. Said the judge, "If he chooses to trust the mails, rather than to make delivery to the Commissioner in person, it was at his own risk." A third district court decision, Leahy v. United States, 1926, 10 F.2d 617, 618, had to do with the presumption as related to a suit for recovery of the proceeds of a War Risk insurance policy. The plaintiff's evidence tended to show that prior to the insured's death the latter had duly mailed notice of change of beneficiary as required by statute. Evidence for the Veterans Bureau was that no such notice had been found in the Bureau. The court held that mere mailing of notice did not suffice—that the presumption of receipt was "overcome by the statement of the Bureau (without interest, save justice and of avowed sympathy for plaintiff) that said notice was not received."[3]

We regard the concededly proper and timely mailing of the claims in this instance as positive evidence giving rise to a strong presumption of delivery to the Collector. The showing that a search of the pertinent files in the latter's office revealed no record of the claims having been filed is a purely negative circumstance, insufficient, in our opinion, to rebut the presumption of delivery. It is notorious that returns and other papers have in the past been mislaid or lost in the offices of many collectors. The presumption of due performance of official duty is but an aspect

**3.** See the Leahy case on appeal to the Ninth Circuit, 15 F.2d 949, where a sharp divergence in the evidence is noted.

of the presumption already discussed, and adds nothing to it.

■■ The requirement of "filing" as found in the statutes quoted in footnote 2 above is stressed by counsel for the government. The term is not peculiar to those statutes. It is a term employed generally throughout the income tax laws. The actual "filing" of returns, claims, and other papers delivered to collectors by taxpayers, either personally or by mail, is of course the responsibility of the collector's office. The "filing" of a return or a claim for refund by a taxpayer is completed when the return or claim reaches the collector's office. Cf. United States v. Peters, 10 Cir., 220 F.2d 544, 545. The taxpayer is under no duty to do more than to deliver the instrument to that official, whereupon the responsibility of putting it in the files becomes his. We take judicial notice of the fact that the overwhelming majority of taxpayers who live elsewhere than in the centers where the offices of collectors are located make their returns and present their claims for refund, and the like, through the mails. Even great numbers of those living in the immediate neighborhood of a collector's office doubtless follow the same practice; and the procedure is encouraged by the collectors since it tends to conserve the time of those officials and their staffs.[4] Reliance upon the mails as the medium through which such deliveries for filing are made may be said to be all but universal.

All the equities in this case are with appellants, and we are not unmindful of the adage that hard cases are apt to make bad law. But equities aside, we are of opinion that the conceded facts require a holding in appellants' favor. Arguments of policy are advanced to the effect that such a holding will encourage the making of fraudulent or fictitious claims against the Treasury. Considerations of policy have not been absent from our minds in considering the appeal, but we think the fears expressed are not really warranted. The case presented appears to be in a class by itself.

Reversed.

---

4. "1946 Instruction for Form 1040, U. S. Individual Income Tax Return 1946"

"Where to File Your Return and Pay Your Tax

"You should take or mail your return to the collector of internal revenue for the district in which you live or have your place of business. If you have no legal residence or place of business in the United States, file with the Collector of Internal Revenue, Baltimore, 2, Maryland."

The Federal Tax Regulations provide as follows:

"§ 39.53–4 Due date of return

" * * * If placed in the mails, the returns should be posted in ample time to reach the office of the district director of internal revenue, under ordinary handling of the mails, on or before the date on which the return is required to be filed. If a return is made and placed in the mails in due course, properly addressed and postage paid, in ample time to reach the office of the district director of internal revenue on or before the due date, no penalty will attach should the return not actually be received by such officer until subsequent to that date * *." [1955 Federal Tax Regulations.]

This regulation has been in effect since at least January 1, 1942. See Reg. 29.53–4.