**Arthur E. MARCINKOWSKY, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 99–5159.

United States Court of Appeals, Federal Circuit.

March 27, 2000.

Arthur E. Marcinkowsky, pro se, of Charleston, West Virginia.

Randolph L. Hutter, Attorney, Appellate Section, Tax Division, Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Loretta C. Argrett, Assistant Attorney General, and Richard Farber, Attorney, Appellate Section.

Before NEWMAN, BRYSON, and GAJARSA, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Arthur E. Marcinkowsky appeals the decision of the United States Court of Federal Claims dismissing his complaint as untimely filed.[1] We affirm the decision.

## BACKGROUND

Mr. Marcinkowsky was employed by the Union Carbide Corporation from August 1961 until October 1991, when the company terminated his employment. He filed a complaint with the Equal Employment Opportunity Commission, which found that his termination was wrongful, due to age discrimination. In 1993, in settlement, Union Carbide paid Mr. Marcinkowsky $100,000, from which federal income tax and FICA (Social Security and Medicare) tax were withheld on his behalf.

Following timely payment of income tax for the 1993 tax year Mr. Marcinkowsky filed an amended return on July 25, 1994, claiming an income tax refund of $26,612 on the ground that the Union Carbide settlement proceeds were excludable from his gross income under 26 U.S.C. § 104(a)(2) and therefore non-taxable. By letter dated September 20, 1994, sent by certified mail, the IRS denied Mr. Marcinkowsky's refund claim. The IRS letter stated:

> This letter is your legal notice that we have disallowed your claim(s). . . .

> If you want to sue to recover tax, penalties, or other amounts, you may file a lawsuit with the United States District Court having jurisdiction or with the United States Claims Court. These Courts are independent bodies and have no connection with the Internal Revenue Service.

> The law permits you to do this within two years from the mailing date of this letter. If you decide to appeal our decision first, the two year period still begins from the mailing date of this letter.

On June 2, 1995 Mr. Marcinkowsky filed a second refund request, for the $6,021.20 in FICA taxes. He stated that the Social Security Administration had ruled that the settlement proceeds were not wages subject to FICA. The IRS denied this claim on August 21, 1995, the letter including the same statement quoted *supra* concerning the two-year limitations period.

Mr. Marcinkowsky then requested administrative review within the IRS. Vari-

---

1. *Marcinkowsky v. United States,* 44 Fed. Cl. 610 (1999).

ous exchanges of correspondence with the IRS continued until 1998, including several requests by the Service for additional information. Eventually, by letter dated April 24, 1998, the IRS summarized its view that the payment was taxable as income, and concluded with the following:

> If you wish to appeal our decision, you can file suit in the Federal District Court or the Federal Court of Claims. By providing you with this information, we are concluding our research in this matter and will consider your case closed.

On November 16, 1998, Mr. Marcinkowsky filed suit in the Court of Federal Claims. He sought a refund of the income and FICA taxes paid on the Union Carbide settlement and alleged that there was fraud and a violation of his civil rights. The Court of Federal Claims dismissed the appeal, holding that the two-year statute of limitations had run from the 1994 and 1995 IRS decisions, *see* 26 U.S.C. § 6532(a), and was not tolled by the intervening procedures. The court also explained that, to the extent that Mr. Marcinkowsky raised issues sounding in tort or civil rights that were not barred by the limitations period, these could not be considered by the Court of Federal Claims.

## DISCUSSION

26 U.S.C. § 6532(a)(4) provides:

> any consideration, reconsideration, or action by the Secretary with respect to [a refund claim] following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

Mr. Marcinkowsky states that the IRS misled him by continually requesting additional information, thereby causing him to miss the two-year limit for appeal of the original decisions. He points to the April 24, 1998 letter from the IRS which stated that if he "wished to appeal our decision" he could file suit in a district court or the Court of Federal Claims. He essentially argues that this 1998 letter either waived

the initial time period, as the IRS is authorized to do, or set a new two-year period for filing a refund suit. The government states that no new period was set, and that Mr. Marcinkowsky had not requested a written extension of the two-year period pursuant to 26 U.S.C. § 6532(a)(2), and therefore that the deadline could not be deemed waived by the IRS.

Section 6532(a)(1) states that no suit under 26 U.S.C. § 7422(a) (a refund suit) shall be commenced

> after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(2) authorizes the IRS to agree to extend the two-year period, the implementing regulation requiring that such extension be signed by or on behalf of both the taxpayer and the Service:

> **26 C.F.R. § 301.6532–1(b)** The 2–year period described in paragraph (a) of this section may be extended if an agreement to extend the running of the period of limitations is executed. The agreement must be signed by the taxpayer or [on his behalf]. The agreement will not be effective until signed by a district director, a director of an internal revenue service center, or an assistant regional commissioner.

The April 24, 1998 letter from the IRS, which Mr. Marcinkowsky reads as authorization to file suit, was not executed as the regulation requires. Mr. Marcinkowsky asserts that the Government misled him into missing the original two-year deadline, raising the question of whether equitable tolling of that deadline is an available remedy.

In *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) the Court considered the applicability of equitable tolling to § 6511 of the Internal Revenue Code, relating to the time limit for filing a claim for refund, and declined to apply to the tax law the equitable concepts of *Irwin v. Department of Veterans*

*Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The Court stated that "[t]ax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities." 519 U.S. at 352, 117 S.Ct. 849. Applying the *Brockamp* decision, the Federal Circuit held in *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462 (Fed.Cir.1998), that no implied equitable exception was contained in § 6532, and strictly applied the statute of limitations. The court observed that § 6532(a)(4) explicitly warns that IRS reconsideration does not extend the time to file a refund suit.

We take note that the two-year time for filing a refund suit based on the 1994 and 1995 denials had passed before the IRS wrote to Mr. Marcinkowsky in 1998. The two original notices explicitly stated that any internal appeal following a notice of disallowance does not extend the two-year period for filing suit. Thus we affirm the ruling of the Court of Federal Claims that the time for filing suit was not extended by the 1998 IRS statement that Mr. Marcinkowsky could file suit if he "wished to appeal our decision," and that this statement did not start a new two-year period.

*AFFIRMED*

No costs.