T.C. Memo. 1999-123


UNITED STATES TAX COURT


KEITH R. BASHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24676-96.              Filed April 15, 1999.


Keith R. Basham, pro se.

<u>Donald E. Edwards</u>, for respondent.


MEMORANDUM OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986, as amended, and Rules 180, 181, and 182 of the Tax Court Rules of Practice and Procedure.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended and in effect for 1989.

Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $6,892, an addition to tax under section 6651(a)(1) in the amount of $1,723, and an addition to tax under section 6654 in the amount of $467.  The issues for decision are:  (1) Whether the period of limitations prohibits the assessment and collection of the deficiency here in dispute; if not, (2) whether petitioner received and failed to report certain income attributed to him in the notice of deficiency; (3) whether petitioner is entitled to claim certain deductions; (4) whether petitioner is liable for the section 6651(a)(1) addition to tax for failure to file a return for 1989; and (5) whether petitioner is subject to the addition to tax under section 6654 for failure to pay estimated income tax.

Background

Some of the facts have been stipulated and are so found. Petitioner resided in Little Rock, Arkansas, during all relevant periods, including when the petition was filed in this case.

Except for a brief period during 1987 or 1988, from 1984 through at least some portion of 1989, petitioner was employed as a salesperson for Swink and Company, Inc. (Swink), an investment banking firm.  Swink was forced into bankruptcy sometime in 1989 and went out of business by the end of that year.

While employed by Swink, petitioner was compensated on a commission basis.  For the year 1989, petitioner received at least $38,304 in compensation from Swink, as reflected on a Form

W-2 issued to petitioner by Swink.  Apparently, petitioner was required to reimburse Swink for certain trading losses and customer bad debts.  It is unclear whether the compensation reported on the Form W-2 is net of reimbursements petitioner made to Swink for trading losses and customer bad debts.  Sometime in 1992 or 1993, petitioner discarded all records relating to 1989 that he might have kept.

Respondent's Information Returns Master File transcript indicates that two payors issued information returns to petitioner for 1989, one from Swink and the other from Worthen Bank and Trust Co.

The notice of deficiency upon which this case is based was issued and mailed to petitioner on September 18, 1996.  In that notice of deficiency, adjustments to petitioner's 1989 income were made as though he did not file a Federal income tax return for that year.  Specifically, respondent (1) increased petitioner's income by the amount of compensation reported on the W-2 issued to petitioner by Swink; (2) increased petitioner's income by $44 attributable to a distribution from Worthen Bank and Trust Co.; (3) allowed petitioner a personal exemption deduction; and (4) allowed petitioner the standard deduction applicable to a single individual.  Also in the notice of deficiency, respondent determined that the additions to tax under sections 6651(a)(1) and 6654 are applicable.

Discussion

Petitioner agrees that in 1989 he received compensation from Swink in at least the amount reported on the Form W-2 issued to him by that company, as reflected in the notice of deficiency. He has no recollection of the $44 distribution; however, he believes that it might have been from a section 401(k) plan. Regardless, petitioner contends that he filed a timely 1989 Federal income tax return and reported his compensation from Swink and any other income he might have received that year. Respondent, on the other hand, denies that a 1989 return was received from petitioner.

As a general rule, an income tax assessment must be made within 3 years after the return was filed. See sec. 6501(a). If a taxpayer fails to file a Federal income tax return for any year, as respondent contends petitioner failed to do for 1989, the period of limitations is, in effect, unlimited for that year. If petitioner filed his 1989 Federal income tax return as he claims, the period of limitations for 1989 expired long before the notice of deficiency for that year was issued to him.

Generally, a document is considered filed with the Internal Revenue Service when it is received by that agency. See United States v. Lombardo, 241 U.S. 73, 76 (1916). "The 'filing' of a return * * * by a taxpayer is completed when the return * * * reaches the collector's office." Jones v. United States, 226 F.2d 24, 28 (9th Cir. 1955).

Direct evidence of actual receipt of a document by the Internal Revenue Service is not always necessary in order to effectuate its filing. For example, section 7502(c)(1) provides that if certain documents are sent by registered mail then such registration shall be prima facie evidence that the document was delivered to the agency, officer or office to which it was addressed. Furthermore, except in situations where we are constrained to do otherwise pursuant to Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), this Court considers proof that a document was properly mailed to give rise to a presumption that the document was delivered to, and received by, the person to whom it was addressed even though the document was not sent by registered mail. See Estate of Wood v. Commissioner, 92 T.C. 793, 798 (1989), affd. 909 F.2d 1155 (8th Cir. 1990); accord Anderson v. United States, 966 F.2d 487 (9th Cir. 1992). But see Carroll v. Commissioner, 71 F.3d 1228 (6th Cir. 1995), affg. T.C. Memo. 1994-229; Surowka v. United States, 909 F.2d 148 (6th Cir. 1990); Miller v. United States, 784 F.2d 728 (6th Cir. 1986) (holding that the provisions of section 7502 supersede and extinguish the common law presumption of delivery). The presumption of delivery is subject to rebuttal by the addressee. See Walden v. Commissioner, 90 T.C. 947, 951 (1988).

Petitioner testified that in March 1990 he sent his 1989 return by regular mail to respondent's Memphis Service Center (which was appropriate for an individual living where petitioner did at that time). He attributed his specific recollection of

the event to Swink's bankruptcy proceeding that occurred during 1989. According to petitioner, he reported no 1989 Federal income tax liability because of the extent of deductions for losses he incurred during that year, and he made no claim for refund on the return.

Petitioner explained that he prepared his 1989 return with the assistance of a friend. Petitioner further explained that he was unsure of whether he properly accounted for certain items on the return so he attached to the return a handwritten letter that identified his concerns. Petitioner did not produce a copy of his 1989 return at trial. He explained that he discarded any copies of the return that might have existed along with all other documents and information relating to 1989 several years before he received the notice of deficiency in 1996.

We are satisfied from petitioner's testimony that he mailed his 1989 Federal income tax return as claimed. There were no internal inconsistencies in his testimony, and nothing in the record suggests that his description of the event is improbable.

Petitioner did not specify the exact date in March that he mailed the return, but even if mailed on the last day of that month, it should have been delivered to respondent's Memphis Service Center in due course of the mails. See Arkansas Motor Coaches, Ltd. v. Commissioner, 198 F.2d 189, 190 (8th Cir. 1952). That being so, we presume that petitioner's 1989 return was delivered to respondent prior to the date it was due to be filed. See sec. 6072(a).

Respondent has offered no evidence to rebut the presumption of delivery that results from petitioner's testimony. We find, therefore, that petitioner timely filed his 1989 Federal income tax return. It follows that the assessment and collection of the deficiency here in dispute is barred because the notice of deficiency was not issued within the period prescribed by section 6501(a).

To reflect the foregoing and the provisions of section 7459(e),

<u>Decision will be</u>

<u>entered for petitioner</u>.