Eleanor A. KNIS, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 01–5052.

United States Court of Appeals, Federal Circuit.

June 5, 2001.

Before MICHEL, BRYSON, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Eleanor Knis appeals from an order of the United States Court of Federal Claims dismissing her complaint for lack of jurisdiction. Ms. Knis sought to recover social security taxes erroneously paid to the Internal Revenue Service ("IRS") from 1986 to 1994. Because Ms. Knis's claim for a refund was not filed until after the applicable statute of limitations had run and because the limitations period is not subject to equitable tolling, we *affirm*.

## BACKGROUND

Ms. Knis was employed by Ahmad Abul–Ela from 1986 to 1998. She alleges that Mr. Abul–Ela fraudulently induced her to believe that she was an independent contractor and that as such she was responsible for paying social security taxes directly to the IRS. The IRS issued a determination letter on May 13, 1999, in which it ruled that Ms. Knis was in fact an employee of Mr. Abul–Ela for federal tax purposes and that he was therefore the one responsible for paying social security taxes.

On January 22, 1999, Ms. Knis filed a protective claim for a refund of the social security taxes she had erroneously paid between 1986 and 1995. The IRS refunded $308 representing an overpayment on her 1995 taxes, but it issued disallowance letters for the tax years 1986 through 1994 on the ground that Ms. Knis's claim for a refund for those years was untimely filed. The IRS informed Ms. Knis by letter that she had no right to an administrative appeal of the IRS's decision to disallow her claims for 1986 through 1994, but added in the letter that "the law permits you to file a lawsuit with the United States District Courts [or] the U.S. Court of Federal Claims." On March 6, 2000, Ms. Knis filed a pro se complaint with the Court of Federal Claims, alleging that she was entitled to a total of $3,118 plus interest for social security taxes erroneously paid to the IRS from 1986 through 1994. The government moved to dismiss Ms. Knis's complaint for lack of jurisdiction on the ground that her suit was barred by the statute of limitations. The Court of Federal Claims granted the government's motion, finding that even assuming that all of Ms. Knis's allegations were true, more than three years had passed since the accrual of her claim. This appeal followed.

## DISCUSSION

Section 7422(a) of Title 26 provides that a taxpayer must file a claim for a refund with the IRS prior to filing an action seeking recovery of any tax alleged to have been erroneously assessed or collected. If a claim for a refund has not been timely filed with the IRS, the Court of Federal Claims lacks jurisdiction to hear the suit. *See United States v. Dalm*, 494 U.S. 596, 602 & 608 n. 7, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) ("That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the

statutory bar."). Under 26 U.S.C. § 6511(a), a claim for a refund is timely filed if it is filed "within 3 years from the time a return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later...." Ms. Knis filed her claim for a refund on January 22, 1999. Ms. Knis's 1994 return was deemed filed and her taxes deemed paid on April 15, 1995, more than 3 years prior to January 22, 1999. Thus, Ms. Knis's claim for a refund for 1995, and for any prior year, was untimely filed. The Court of Federal Claims did not err in dismissing Ms. Knis's suit for lack of jurisdiction.*

■ Ms. Knis contends that the statute of limitations should not be applied to bar her claim because she was unaware that her employer was responsible for paying her social security taxes until the IRS determination in 1999. In effect, she contends that the limitations period should be tolled for equitable reasons. As the Supreme Court has held, however, the limitations period set forth in section 6511 is not subject to equitable tolling even if the circumstances are sympathetic and it seems clear that the claimant has made an overpayment of taxes. *See United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997).

■ In the Court of Federal Claims, Ms. Knis argued that the IRS waived the statute of limitations by its letter stating that "the law permits you to file a lawsuit with the United States District Courts [or] the U.S. Court of Federal Claims." Although it is not clear whether she means to renew that claim in this court, we agree in any event with the trial court that the government has not waived the statute of limitations. A letter informing a taxpayer

that the taxpayer may file a lawsuit challenging the denial of a refund request merely advises the taxpayer of the forum in which relief can be sought; it does not constitute a waiver of any possible defenses the government could raise in such an action. *See Marcinkowsky v. United States,* 206 F.3d 1419, 1421–22 (Fed.Cir. 2000). Because neither equitable tolling nor waiver is applicable, the Court of Federal Claims correctly held that Ms. Knis's claim is barred by the statute of limitations.

---

* Because Ms. Knis's claim for a refund is not attributable to a Tax Court determination in a proceeding under 26 U.S.C. § 7436, the special limitations period set forth in 26 U.S.C. § 6511(d)(7) does not apply.