DECISION
PER CURIAM.
Gilbert Lau appeals from the decision of the United States Court of Federal Claims that dismissed his complaint for lack of jurisdiction. Lau v. United States, No. 01-150T, 2002 WL 535808 (Fed.Cl. Feb. 22, 2002) (unpublished). In his suit, Mr. Lau sought to recover from the United States the sum of $354.00. Mr. Lau alleged that he was entitled to this sum because it represented a tax refund payment which was mailed to him but which he never received because the check representing the payment was stolen and cashed after his endorsement on the check was forged. The Court of Federal Claims held that it lacked jurisdiction because Mr. Lau had failed to request a replacement check from the Internal Revenue Service (“IRS”) within one year from the date on which the IRS issued the refund check, as required by 31 U.S.C. § 3702(c)(1). We affirm.
DISCUSSION
I.
The pertinent facts are not in dispute. Mr. Lau filed his 1994 federal income tax return in February of 1995. On his return, he claimed a refund in the amount of $354.00. On March 24, 1995, the Department of the Treasury mailed a $354.00 refund check to Mr. Lau at the address listed on his return. Mr. Lau alleges that on August 5, 1997, he discovered that his refund check had been stolen, that his endorsement on the check had been forged, and that the check had been cashed by a person with whom he worked and whose address he had used as his mailing address on his tax return. On September 5, and November 12, 1997, Mr. Lau submitted forms to the IRS stating that he had not received his tax refund and requesting a replacement check. The IRS denied the request, and on March 16, 2001, Mr. Lau filed suit in the Court of Federal Claims seeking a replacement check.
As noted above, the Court of Federal Claims dismissed Mr. Lau’s suit for lack of jurisdiction. It did so on the ground that *408 his request for a replacement check from the IRS was untimely under 31 U.S.C. § 3702(c)(1) because it was submitted on September 5, 1997, more than one year after March 24, 1995, the date his refund check was issued.
Section 3702(c)(1) provides in relevant part as follows:
Any claim on account of a Treasury check shall be barred unless it is presented to the agency that authorized the issuance of such check within 1 year after the date of issuance of the check....
31 U.S.C. § 3702(c)(1). In its decision, the Court of Federal Claims noted that, by regulation, the requirement that a taxpayer present a claim for a replacement check within one year after the issuance of the original check applies even when “the original check has been negotiated and paid on a forged or unauthorized endorsement.” 31 C.F.R. § 245.1(b).
Mr. Lau has timely appealed the court’s dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). We review de novo the trial court’s dismissal for lack of jurisdiction. Massie v. United States, 166 F.3d 1184,1187 (Fed.Cir.1999).
II.
Mr. Lau submitted his claim for a replacement refund cheek more than 17 months after his original refund check was issued. His claim thus fell squarely within the language of section 3702(c)(1) that any such claim is barred “unless it is presented to the agency that authorized the issuance of [the original] check within 1 year after the date of issuance of the check.... ” Under these circumstances, the Court of Federal Claims did not err in dismissing Mr. Lau’s complaint for lack of jurisdiction. A suit may not be maintained against the United States unless it is brought in exact compliance with the terms of the statute under which the United States has consented to be sued. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1373 (Fed.Cir.2002). Because Mr. Lau did not submit his claim for a replacement check within the time period set forth in section 3702(c)(1), he did not comply with the statute that, in this case, forms the basis for the consent of the United States to be sued.
Mr. Lau argues that communications he allegedly had with the IRS had the effect of tolling the one-year limitations period. This argument is unavailing, however. The communications to which Mr. Lau refers occurred on November 5, 1997, and September 3, 1998, after the limitations period already had run. As the Court of Federal Claims pointed out, “[a]ny written or oral communication to a taxpayer, after the statute of limitations has run and not explicitly tolling the statute of limitations, cannot revive or toll the statute of limitations.” Lau, slip op. at 8 (unpublished); see Marcinkowsky v. United States, 206 F.3d 1419 (Fed.Cir.2000) (two-year period for filing a refund suit had passed before the IRS wrote to the taxpayer).
For the foregoing reasons, the decision of the Court of Federal Claims dismissing Mr. Lau’s complaint for lack of jurisdiction is affirmed.