T.C. Summary Opinion 2004-85


UNITED STATES TAX COURT


CAROLYN ANN HARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2033-03S.              Filed June 24, 2004.


Carolyn Ann Harris, pro se.

<u>James J. Posedel</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $1,664, and an addition to tax under section 6651(a)(1) of $416, for the taxable year 1997.

The dispute in this case centers around whether petitioner filed in April 1998 a Federal income tax return for taxable year 1997. If the Court finds that petitioner did file a return at that time, the parties agree that the period of limitations has expired and that respondent may not assess any tax with respect to taxable year 1997. If the Court finds that petitioner did not file a return at that time, the only issue remaining for decision, after concessions by both parties, is whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a timely return.

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioner resided in San Diego, California, on the date the petition was filed in this case.

On April 15, 1998, petitioner mailed to respondent, via first class mail, a Federal income tax return for taxable year 1997. Petitioner mailed the return in an envelope on which she had handwritten the address and affixed first-class postage. Petitioner's daughter, Natalie Genous, had driven to petitioner's house to pick up petitioner; they then picked up Ms. Genous's

daughter from school and proceeded to the post office, where they waited in a long line and mailed the return at the drive-through mailbox. The return, signed by petitioner and dated April 13, 1998, reflected an overpayment of $1,182 as a result of petitioner's claim of an earned income credit in that amount.

Respondent's records indicate that on June 7 and August 2, 1999, he mailed petitioner taxpayer delinquency notices with respect to taxable year 1997. Although petitioner had a copy of the 1997 return that she mailed, she did not have copies of certain supporting documents that were required to be filed with the return; i.e., Forms W-2, Wage and Tax Statement, and Forms W-2G, Certain Gambling Winnings. At or around the time petitioner received the delinquency notices, she requested copies of these supporting documents from respondent. Petitioner received these documents in the form of a computer report which was generated on August 27, 1999. During 1999, petitioner underwent surgery for a tumor and she was involved in an automobile accident. Petitioner did not resubmit a copy of her return to the Internal Revenue Service (IRS) immediately after learning that the IRS did not have the original because she had difficulty finding the copy, she was undergoing the medical treatment, and an IRS employee had told her that she could have more time to submit a copy.

By letter dated February 1, 2000, the IRS notified petitioner that it had no record of her filing a return for 1997.

Respondent's records indicate that respondent had prepared a substitute return on January 20, 2000, and the February 1, 2000, letter set forth the IRS's initial calculation of petitioner's tax liability for 1997. Petitioner subsequently personally delivered a copy of her return to IRS Taxpayer Service/San Diego on February 29, 2000. The copy of the return was stamped received at the Fresno Service Center on April 19, 2000. The words "duplicate copy" appear on the return; the record is silent as to who made this notation. Respondent's records indicate that the IRS treated this return as an amended return. Petitioner received a Form 4549, Income Tax Examination Changes, dated January 15, 2002, which reflected a proposed deficiency of $1,664 and a proposed section 6651(a)(1) addition to tax of $416. The notice of deficiency underlying this case, issued on November 13, 2002, reflected the same amounts for the deficiency and the addition to tax as did the Form 4549.

Subject to exceptions not applicable here, taxes imposed by the Internal Revenue Code must be assessed within 3 years after a return is filed. Sec. 6501(a). Thus, if a notice of deficiency is issued after the 3-year period of limitations has expired, the assessment and collection of the deficiency determined therein is statutorily barred. Id.

Generally, a document is considered filed with the IRS when that agency receives it. Jones v. United States, 226 F.2d 24, 28

(9th Cir. 1955); <u>Basham v. Commissioner</u>, T.C. Memo. 1999-123.

However, if a return is sent to the IRS via registered mail, the

registration is prima facie evidence that the document was

delivered to the addressee.  Sec. 7502(c)(1)(A).  Furthermore,

except in situations where this Court is constrained to do

otherwise pursuant to <u>Golsen v. Commissioner</u>, 54 T.C. 742 (1970),

affd. 445 F.2d 985 (10th Cir. 1971),[1] we consider proof that a

document was properly mailed and postmarked to give rise to a

presumption that the document was delivered to, and received by,

the person to whom it was addressed--even if the document was not

sent via registered mail.  <u>Lewis v. United States</u>, 144 F.3d 1220

(9th Cir. 1998); <u>Anderson v. United States</u>, 966 F.2d 487 (9th

Cir. 1992); <u>Estate of Wood v. Commissioner</u>, 92 T.C. 793, 798

(1989), affd. 909 F.2d 1155 (8th Cir. 1990); <u>Basham v.

Commissioner</u>, <u>supra</u>.  The Court of Appeals for the Ninth Circuit

held in <u>Anderson v. United States</u>, <u>supra</u>, that extrinsic evidence

may be used in proving that a Federal income tax return was

timely mailed.  That court stated in a subsequent opinion that

"<u>Anderson</u> stands for the broad rule that if a taxpayer furnishes

credible evidence of the date her letter to the Service was

---

[1]This Court generally applies the law in a manner consistent with the holdings of the Court of Appeals to which an appeal of its decision lies, <u>Golsen v. Commissioner</u>, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), even in cases subject to sec. 7463(b).  But for the provisions of sec. 7463(b), the decision in this case would be appealable to the U.S. Court of Appeals for the Ninth Circuit.  Sec. 7482(b)(1)(A).

postmarked, that date is the date that controls." Lewis v. United States, supra at 1223. In Lewis, the court found that "a taxpayer with an unblemished reputation for paying taxes [who] produces circumstantial evidence supporting his word" has provided sufficient evidence under Anderson, even in the absence of "the taxpayer's sworn testimony that she had seen a postal clerk affix the postmark on the appropriate date." Id. at 1222-1223.

As discussed above, we have found that petitioner mailed her 1997 return on April 15, 1998. We base this finding on the credible testimony of petitioner and her daughter, Ms. Genous. There are no inconsistencies in petitioner's version of events, and respondent did not present any evidence directly calling into question the testimony of petitioner or Ms. Genous. On the basis of this testimony, therefore, we conclude that the return was mailed in a properly addressed envelope with sufficient postage, and that the return bore a postmark of April 15, 1998. See id. at 1223. Because we find that the return was properly and timely mailed, a presumption arises that the return was delivered to the IRS within a reasonable amount of time thereafter. See id.; Anderson v. United States, supra; Estate of Wood v. Commissioner, supra; Basham v. Commissioner, supra. Respondent did not present sufficient evidence to rebut this presumption. The only evidence in the record supporting respondent's position is a "Certificate

of Assessments, Payments, and Other Specified Matters", provided by respondent, which fails to reflect the filing of a return by petitioner in April 1998. We do not find this document, standing alone, to be sufficient to rebut the presumption of delivery in the presence of unchallenged evidence of mailing. Consequently, we find that respondent received petitioner's return in April 1998, and that the return was filed at that time. Because petitioner filed her return in April 1998, and the notice of deficiency was issued in November 2002, the assessment and collection of the deficiency determined therein is statutorily barred. See sec. 6501(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for petitioner.