NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MOHAMAD E. TAHA, DECEASED, SANAA M. YASSIN, HIS WIFE,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1879

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01174-CFL, Judge Charles F. Lettow.

---

Decided: December 14, 2018

---

SANAA M. YASSIN, Bradenton, FL, pro se.

JENNIFER MARIE RUBIN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by MICHAEL J. HAUNGS, RICHARD E. ZUCKERMAN.

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

Plaintiffs-Appellants *pro se*, Mohamad E. Taha (deceased) and Sanaa M. Yassin, with the assistance of Mr. Ali Taha, appeal the decision of the United States Court of Federal Claims dismissing their income tax refund claims for lack of subject-matter jurisdiction. For the reasons discussed below, we *affirm-in-part, vacate-in-part,* and *remand.*

BACKGROUND

Appellants seek a refund of $14,177 for federal income taxes paid for the 2002 and 2003 tax years, plus interest and legal costs. Between 2002 and 2004, Mr. M. Taha was a 10% shareholder of Atek Construction, Inc. ("Atek"), a California S Corporation, but had no direct role in its operations. Mr. M. Taha earned shareholder income of $85,010 in 2002 and $77,813 in 2003. Appellants assert that Mr. M. Taha received only $20,000 of that income from Atek during those years. Mr. M. Taha passed away in 2007.

Appellants filed their 2002 and 2003 tax returns with the Internal Revenue Service ("IRS") on April 3, 2003 and April 14, 2004, respectively, paying the tax due on the full amount of the reported shareholder income for each year. Both returns reported Mr. M. Taha's shareholder income from Atek as his only income. Appellants did not file a tax return for the 2004 tax year by the due date because they allege they had no income to report.

Atek ceased operations in 2004 due to financial difficulties, and was dissolved in 2006. Appellants contend that at this time it became clear that Atek would not pay the remainder of Mr. M. Taha's shareholder income for 2002 and 2003. Appellants sought a refund from the IRS of the alleged overpayment of taxes on that income by filing amended tax returns and deducting the unpaid income as bad debt. Appellants filed an amended 2002

tax return (the "2002 claim") in November 2007.[1]  Appellants alleged in their complaint that they also filed an amended 2003 tax return (the "2003 claim").  Both amended returns were dated November 9, 2007.  IRS records reflect the filing of the 2002 claim, and make no mention of the 2003 claim.

The IRS first disallowed the 2002 claim on December 20, 2007.  It is undisputed that this notice of disallowance only discussed the 2002 claim, not the 2003 claim.  The record before us does not indicate that the IRS disallowed the 2003 claim in any other communication.  Appellants appealed the disallowance of the 2002 claim to the IRS on January 21, 2008.  The IRS denied the appeal on October 29, 2009.

Appellants next attempted to obtain a refund by filing an amended 2004 tax return on November 1, 2009 (the "2004 claim").[2]  In the 2004 claim, Appellants again deducted the unpaid shareholder income as bad debt.  The IRS first disallowed the 2004 claim on November 28, 2012.  Appellants also appealed this disallowance to the IRS, and continued pressing their 2004 claim with the IRS until April 2017.

On May 10, 2017, after exhausting their options with the IRS, Appellants filed a tax refund suit in the U.S. District Court for the Middle District of Florida.  By this time, Mr. M. Taha was deceased, and Ms. Yassin no

---

[1]   The Court of Federal Claims noted discrepancies in filing dates between Appellants' contentions and IRS records.  The exact filing dates have no bearing on the resolution of the jurisdictional question.

[2]   Appellants filed their initial 2004 tax return on October 5, 2011, after they filed their amended 2004 return, because the IRS would not accept the amended return until an initial return was filed.

longer resided in the United States. Because none of the Appellants resided in its judicial district, the district court found that it lacked jurisdiction under 28 U.S.C. § 1402(a)(1), and transferred the case to the Court of Federal Claims ("Claims Court"). The transfer complaint was filed with the Claims Court on September 18, 2017.

On January 30, 2018, the government moved to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The government argued that the Claims Court lacked jurisdiction because Appellants did not file their tax refund claims with the IRS within the applicable three-year limitation period. Appellants countered that their tax refund claims were timely filed because they relate to deductions of unpaid business debt, and are therefore subject to a limitations period longer than three years.

On April 10, 2018, the Claims Court granted the government's motion. The Claims Court combined all three of Appellants' tax refund claims in its analysis, and concluded that even if Appellants timely filed their tax refund claims with the IRS, it lacked jurisdiction over those claims because Appellants did not initiate their suit within two years from the date the IRS first mailed notices of disallowance for each claim, as required by 26 U.S.C. § 6532(a)(1).

On April 19, 2018, the government filed a motion, asking the Claims Court to clarify when the two-year statutory limitation period began to run with respect to the 2003 claim. The Claims Court granted the government's motion the same day, and although it questioned whether the 2003 claim was filed, the Claims Court determined that it need not resolve that issue.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review decisions of the Court of Federal Claims to dismiss for lack of subject-matter jurisdiction de novo, and its underlying factual findings for clear error. *See Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (citations omitted). As plaintiffs, Appellants must establish jurisdiction by a preponderance of the evidence. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). In deciding a motion to dismiss for lack of subject-matter jurisdiction, the court assumes all uncontroverted factual allegations in the complaint to be true and draws all reasonable inferences in the plaintiffs' favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

The trial court must make sufficient factual findings on the material issues to allow this court to have a basis for meaningful review. *Nutrition 21 v. United States*, 930 F.2d 867, 869 (Fed. Cir. 1991). "[A]ppellate courts may not make findings of fact in the first instance." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1373 (Fed. Cir. 2014); *see also Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008) ("Appellate courts review district court judgments; we do not find facts."). Where there exists a factual dispute with respect to the truth of jurisdictional allegations, the trial court must resolve that dispute, and is permitted to look beyond the pleadings to do so. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993).

The doctrine of sovereign immunity bars suit against the United States unless it has expressly consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States has consented to be sued for taxes improperly assessed or collected, 28 U.S.C. § 1346(a)(1), but only if the plaintiff complies with two additional jurisdictional requirements set forth in 26 U.S.C. §§ 7422 and 6532.

First, § 7422 of the Internal Revenue Code ("IRC") provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the [IRS]." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4–5 (2008) (quoting 26 U.S.C. § 7422(a)) (second alteration in original). To be duly filed, a taxpayer must ordinarily file a refund claim with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever occurs later. 26 U.S.C. § 6511(a). For refund claims relating to certain types of designated overpayments, including "business" bad debt, the period of limitation instead "shall be 7 years from the date prescribed by law for filing the return." 26 U.S.C. § 6511(d)(1). Section 166(d) of the IRC restricts "business" debt to debt that relates to the taxpayer's "trade or business." 26 U.S.C. § 166(d)(2).

Whether bad debt should be characterized as "business" or "nonbusiness" is a question of fact to be resolved by the trial court. *See Adelson v. United States*, 737 F.2d 1569, 1574–75 (Fed. Cir. 1984); *Hunsaker v. Comm'r*, 615 F.2d 1253, 1256 n.4 (9th Cir. 1980) (citing *United States v. Generes*, 405 U.S. 93 (1972)). Debts arising from mere investments in a corporation do not rise to the level of "business" debts. *Whipple v. Comm'r*, 373 U.S. 193, 202 (1963) ("[I]nvesting is not a trade or business and the return to the taxpayer, though substantially the product of his services, legally arises not from his own trade or business but from that of the corporation.").

Second, § 6532 establishes jurisdictional time limitations on tax refund suits. A tax refund suit may not be brought until six months after the filing of a tax refund claim with the IRS, unless the IRS renders a decision before the six-month period expires. 26 U.S.C. § 6532(a)(1). A tax refund suit must be brought within two years from the date the IRS mails the first notice of disallowance for a refund claim. *Id.* This two-year period

is not extended by any consideration, reconsideration, or action by the IRS with respect to a refund claim following the mailing of a notice of disallowance. *Marcinkowsky v. United States*, 206 F.3d 1419, 1421 (Fed. Cir. 2000); *see also* 26 U.S.C. § 6532(a)(4).

## A. 2002 and 2004 Claims

Concerning the 2002 and 2004 claims, the Claims Court correctly found that it lacked jurisdiction because Appellants did not file their tax refund suit within the statutorily-prescribed two-year period from the date the IRS first mailed notices of disallowance for those claims.

Appellants concede that the IRS first disallowed the 2002 claim on December 20, 2007. This means that for the court to have jurisdiction over the 2002 claim, Appellants must have commenced their action by December 20, 2009. *See* 26 U.S.C. § 6532(a)(1). But Appellants did not file their tax refund suit in the district court until May 10, 2017, almost ten years after the first disallowance for the 2002 claim. The Claims Court therefore lacks jurisdiction over the 2002 claim.

Appellants concede that the IRS first disallowed the 2004 claim on November 28, 2012. Appellants had two years from that date to bring their suit, 26 U.S.C. § 6532(a)(1), but did not do so until 2017, almost five years later. The Claims Court therefore lacks jurisdiction over the 2004 claim.

Appellants assert that they could not file their suit until they exhausted all options for reconsideration by the IRS, because until such time "[t]here was never an outright rejection by the IRS." Appellants' Reply Br. 25–27. Appellants further contend that the IRS made its final rejection on August 28, 2015, when it mailed the last notice of disallowance with respect to the 2004 claim, and as such, their suit is timely. But the relevant date that triggers the two-year limitation period is the date of

mailing of the first notice of disallowance with respect to any tax refund claim. Under § 6532(a)(4), any subsequent "IRS reconsideration does not extend the time to file a refund suit." *Marcinkowsky*, 206 F.3d at 1422. Hence, Appellants' appeals to the IRS following the first notices of disallowance for the 2002 and 2004 claims did not extend the time to file the related actions.

Appellants point to the statement by the district court that the Claims Court "has concurrent jurisdiction with district courts" over their claims under 28 U.S.C. § 1346(a). Appellants' Reply Br. 15. It is true that § 1346 confers concurrent jurisdiction over tax refund claims on the Claims Court. But that is only the beginning of the jurisdictional inquiry. A plaintiff must also meet the additional requirements imposed by § 7422 (requiring that taxpayers first file a refund claim with the IRS) and § 6532 (imposing a limitation period for filing tax refund suits) before the Claims Court will have jurisdiction over her tax refund claims. Appellants have not met these requirements with respect to the 2002 and 2004 claims.

Because Appellants have not established that they filed their suit within the two-year time period required by § 6532(a)(1), the Claims Court correctly found that it lacks jurisdiction over the 2002 and 2004 claims.

## B.  2003 Claim

Whether the Claims Court has jurisdiction over the 2003 claim depends on three factual questions: (1) whether Appellants filed the 2003 claim, (2) whether the 2003 claim was timely, and (3) whether the IRS disallowed the 2003 claim. These issues were disputed before the Claims Court and are material to the jurisdictional question. The Claims Court erred when it declined as not necessary to resolve these questions. Although the Claims Court suggested that the answers did not matter, given 26 U.S.C. § 6511(a), (b), that suggestion is legally incorrect.

Starting with the first question, Appellants alleged in their complaint that they filed the 2003 claim, and the Claims Court found that the 2003 claim was dated November 9, 2007. The government disputed the filing of the 2003 claim, arguing that IRS records do not show receipt of the 2003 claim. The government renews this argument on appeal, and asserts that "IRS records are presumed to be true, accurate, and correct."[3] Appellee's Br. 14 (internal quotation marks and citation omitted). Although the Claims Court expressed doubt that the 2003 claim was filed, it declined to resolve the issue. This is a material factual dispute that the Claims Court was required to resolve to allow this court to make a meaningful review. *Oracle*, 750 F.3d at 1373 ("[W]here there are material facts in dispute and those facts have not yet been resolved by the trier of fact, appellate courts may not make findings of fact in the first instance.").

If the claim was filed, the Claims Court also erred in not resolving the second question: whether Appellants' 2003 claim was timely filed. The timeliness of the 2003 claim in turn depends on whether it relates to "business" bad debt, such that the longer limitation period applies.[4] Appellants alleged in the complaint (and continue to do so on appeal) that their 2003 claim relates to "business" bad debt, and was therefore timely filed within the applicable seven year period under § 6511(d)(1). The government counters that the 2003 claim relates only to "nonbusiness"

---

[3] The mere fact that IRS records do not show receipt of the 2003 claim is not dispositive of this issue, meaning that Appellants may be able to show that the claim was timely mailed. *See Jones v. United States*, 226 F.2d 24, 27 (9th Cir. 1955).

[4] It is undisputed that Appellants did not file the 2003 claim within the standard three-year limitation period provided by § 6511(a).

bad debt because the relevant income was owed to Mr. M. Taha solely in his capacity as a shareholder, and the loss of such income cannot be classified as a "business" bad debt under controlling law because it does not relate to the taxpayer's "trade or business." *See Whipple*, 373 U.S. at 202. As such, the government contends the applicable period of limitation is three years under § 6511(a), and the 2003 claim was therefore untimely.

The Claims Court found that Appellants' documents suggest that Atek could have been a family-run business, which in turn could suggest that Mr. M. Taha's unpaid shareholder income could plausibly be classified as "business" bad debt. The Claims Court, however, did not resolve this factual issue. If the above three factual issues are resolved in Appellants' favor, then the Claims Court would have jurisdiction over the 2003 claim. If it found that the claim was filed, then the question of whether the 2003 claim was timely filed as "business" bad debt, therefore, presents a material factual dispute that the Claims Court was required to resolve in the first instance.

If the claim was timely filed, the Claims Court should have also resolved the third and final question concerning the 2003 claim: whether the IRS disallowed the 2003 claim. Appellants argue that the 2003 claim "was merely ignored by the IRS." Appellants' Reply Br. 22. The government disputes this allegation—without contesting that Appellants presented the allegation to the Claims Court—and asserts that the notice of disallowance for the 2002 claim applied equally to the 2003 claim. But the Claims Court never decided whether the 2003 claim was disallowed. If the 2003 claim was not disallowed, then the two-year limitation period under § 6532(a)(1) did not start running for the 2003 claim. This is a material factual issue that the Claims Court was required to resolve.

If Appellants timely filed the 2003 claim and the IRS never disallowed it, then the Claims Court would have jurisdiction. The Claims Court was thus bound to resolve these factual issues. *See Oracle*, 750 F.3d at 1373; *Nutrition 21*, 930 F.2d at 869. Because it declined to do so, we are unable to meaningfully review its conclusion with respect to the 2003 claim.

The absence of findings on the issues discussed above is not harmless error. The Claims Court suggested that resolution of the issues was unnecessary when it stated that "if an amended return for 2003 was actually filed with the IRS, but not acted upon, then 26 U.S.C. § 6511(a) would constitute a bar, and 26 U.S.C. § 6511(b)(2)(B) would limit the refund allowable." S.Appx. 14. We disagree.

Section 6511(d)(1) provides that if the claim for refund relates to a deductible "bad debt" described in 26 U.S.C. § 166, the taxpayer has seven years to file. 26 U.S.C. § 6511(d)(1). The Claims Court wrote: "In short, and given the status of the record before the court of the pleading stage, plaintiffs may well have plausibly alleged that the unrealized shareholder income fits within the business bad debt provisions of Section 6511." *Taha v. United States*, 137 Fed. Cl. 462, 468 (2018).

If Appellants are entitled to the seven-year filing period, then 26 U.S.C. § 6511(b)(2)(B) does not limit the claim for refund in the way the Claims Court suggested. The controlling provision of § 6511(d)(1) provides:

> In the case of a claim described in this paragraph the amount of the credit or refund may exceed the portion of the tax paid within the period prescribed in subsection (b)(2) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to the deductibility of items described in this paragraph.

*Id.* Under that language, in the case of a claim for refund based on a business bad debt, the amount of the refund may exceed that described in § 6511(b)(2) (the two-year refund limit) for the amount of overpayment attributable to the deductibility of the described claim (the bad business debt). *See id.*

Because the record on the dismissal motion left a genuine issue as to whether the debt was a business bad debt described in 26 U.S.C. § 166, *Taha*, 137 Fed. Cl. at 468, the Claims Court could not properly invoke § 6511(a), (b) to make unnecessary a resolution of the factual issues as to the time of filing, and disallowance, of the 2003 claim.

CONCLUSION

We hold that the Claims Court lacks jurisdiction over the 2002 and 2004 claims because Appellants did not commence their action within two years of the IRS first disallowing those claims. We therefore affirm the judgment of the Claims Court with respect to the 2002 and 2004 claims. The Claims Court, however, erred by not making sufficient factual findings concerning the 2003 claim for this court to meaningfully review its jurisdiction determination. Accordingly, we vacate the judgment of the Claims Court with respect to the 2003 claim, and remand for further proceedings in accordance with this opinion.

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**

COSTS

No costs.